ELIZABETH SAMMON, Administratrix, etc., Appellant, *v.* THE NEW YORK AND HARLEM RAILROAD COMPANY, Respondent.

Plaintiff's intestate was employed by defendant to attend a chain across a street, in the city of New York, which prevented travel over its tracks when trains were about to pass,    This business did not require him to go on the track, but evidence was given tending to show that he was furnished with a white and red flag, that chain-tenders sometimes signaled trains, and that it was their duty so to do in case of danger.    In consequence of the negligence of a switch-tender a switch became displaced, throwing off a car of a passenger train, which, striking other cars standing on a side track, set them in motion.    The deceased was

found on or near the track in a dying condition. In an action to recover damages plaintiff was nonsuited. *Held*, that the question as to whether, under the circumstances, it was negligence on the part of the deceased to go upon the tracks was one of fact; but that the accident having been occasioned by the negligence of a fellow servant, defendant was not liable, and the nonsuit was proper.

(Argued May 27, 1875; decided June 8, 1875.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, in favor of defendant, entered upon an order overruling plaintiff's exceptions to order dismissing complaint, on trial, and directing judgment of dismissal.

This action was brought to recover damages for the alleged negligent killing of Thomas Sammon, plaintiff's intestate.

The evidence showed that the deceased was employed to attend a chain across Fifty second street, in the city of New York, on the west side of defendant's tracks. The chain was permanently fastened on one side of the street, and it was Sammon's duty, when a train approached, to carry it across the street and attach it to a post on the other side, so as to prevent people from driving or going across, and also to warn foot passengers of danger. Evidence was given that he was furnished with a white and red flag, and sometimes flagged trains, as did also other chain-men. Plaintiff's counsel made various offers to show that these chain or flag-men were in the habit, with the knowledge of the officers of the company, of stopping and flagging trains; and, in case of danger, that it was their duty so to do. This evidence was rejected, and plaintiff's counsel excepted. There was a switch at Fiftieth street — a new switch had been put in the day before the accident. Before that the rails were moved by crowbars. The lever of the switch was fastened by a pin. This, it appeared, was rather large for the hole which received it, so that it would not go clear through. The switch-tender had changed the switch a number of times during the day. He had not reported any defect. He had a flag, and it was his duty to flag an approaching train if the switch was not in

proper order.   As a train was passing the pin dropped out, and the switch became displaced, so that two cars of the train were thrown off.   One struck some empty freight cars on a side track, and propelled them across Fifty-second street. The deceased was found on or near the track on which were the empty cars, crushed and dying.   Defendant's counsel moved for a nonsuit, when the plaintiff rested, and at the close of the evidence, on the grounds of contributory negligence on the part of the deceased, and that defendant was not guilty of any negligence.   The last motion was granted, and plaintiff's counsel duly excepted.   Further facts appear in the opinion.

*John H. Hand* for the appellant.   The question of contributory negligence was one of fact.   (*Filer* v. *Cent. R. R. Co.*, 49 N. Y., 47; *Sullivan* v. *Lewis*, id., 379; *Viner* v. *N. Y., A., G. and W. S. S. Co.*, 50 id., 23; *Worster* v. *Forty-second St. R. R. Co.*, id., 202; *Spooner* v. *City R. R. Co. of Bklyn.*, 54 id., 230; *Willes* v. *L. I. R. R. Co.*, 34 id., 570; *Ferris* v. *W. T. Co.*, 36 id., 312; *McIntyre* v. *N. Y. and E. R. R. Co.*, 37 id., 287; *Halbut* v. *N. Y. and E. R. R. Co.*, 40 id., 146; *Holbrook* v. *W. and E. R. R. Co.*, 12 id., 236.)   The judge erred in refusing to submit the contested question of fact to the jury.   (*Keller* v. *N. Y. C. R. R. Co.*, 2 Abb. Ct. App. Dec., 485; *Phila. R. R. Co.* v. *Derby*, 1 Am. R. Cas., 109; *Vale* v. *Bklyn. R. R. Co.*, 3 N. Y. S. C., 686; *Burrows* v. *E. R. Co.*, id., 44; *Strong* v. *Boston R. R. Co.*, id., 54.)   A person not connected with the negligent occurrence, the effect of which was to cause his death, cannot be held accountable for contributive negligence.   (*Haley* v. *Earle*, 30 N. Y., 20; *Savage* v. *Corn Ex. Ins. Co.*, 36 id., 655.)

*Elliott F. Shepard* for the respondent.   Evidence as to the duties of the deceased, and his negligence, was proper on behalf of defendant.   (*McDonnell* v. *Buffum*, 31 How. Pr., 154; *Wilds* v. *H. R. R. R. Co.*, 24 N. Y., 442; S. C., 29 id.,

315; *McCall* v. *N. Y. C. R. R. Co.*, 54 id., 642; *Cruty* v. *Erie R. Co.*, 3 N. Y. S. C., 244; S. & R. on Neg., §§ 33, 34; *Wilcox* v. *R. and W. R. R. Co.*, 39 N. Y., 358; *Morrison* v. *Erie R. Co.*, 56 id., 302; *Sprong* v. *B. and A. R. R. Co.*, 60 Barb., 32, 33.) Defendant was not liable for the negligence of the fellow-servant of the deceased. (*Priestly* v. *Fowler*, 3 M. & W., 1; *Farwell* v. *B. and W. R. R. Co.*, 4 Metc., 49; *Coon* v. *Utica R. R. Co.*, 5 N. Y., 492; *Sherman* v. *R. and S. R. R. Co.*, 17 id., 153; *Russell* v. *H. R. R. R. Co.*, id., 134; *Boldt* v. *N. Y. C. R. R. Co.*, 18 id., 432; *Wright* v. *N. Y. C. R. R. Co.*, 25 id., 562; *Moran* v. *N. Y. C. R. R. Co.*, 3 N. Y. S. C., 770; *Piper* v. *N. Y. C. and H. R. R. R. Co.*, 56 N. Y., 631; *Baulec* v. *N. Y. and H. R. R. Co.*, id., 631; *Warner* v. *Erie R. Co.*, 39 id., 468; *Hard* v. *Vt. R. R. Co.*, 32 Vt., 473; *Wilson* v. *Merry*, 1 Scotch and Div. App., 68.) Defect of machinery was of no consequence if, notwithstanding that, the injury arose from the negligence of a fellow-servant. (*Wright* v. *N. Y. C. R. R. Co.*, 25 N. Y., 562; *Hayes* v. *West. R. R. Co.*, 3 Cush., 270; *Skip* v. *East. R. R. Co.*, 9 Exch., 223.)

CHURCH, Ch. J.  It was proved, by the depot master, that the deceased was employed to attend the chain across Fifty-second street, on the west side of the track; that he had no business to go on the track, nor was it his duty to do so. There was some evidence, however, given and offered tending to show that deceased was furnished with a white and red flag, the former indicating safety, and the latter, danger; and that these chain-tenders sometimes signaled trains, and if there was danger it was their duty to do so. Two cars were detached at Fiftieth street in consequence of an insecure switch, one of these passing into a marble yard, and the other striking some freight cars standing on a side track, west of the main track, and nearly in front of Fifty-second street. It was not known certainly how the deceased received the injury which caused his death, but the evidence would have justified a finding that he was struck by one of the

freight cars put in motion by one of the fugitive cars detached from the train. The complaint was dismissed upon the ground, it is inferred, of contributory negligence on the part of deceased, in being on the track, and this view was sustained by a majority of the General Term. If the case developed no other question, it may well be doubted whether this question should not have been submitted to the jury. It is a rule of law that, to entitle a party to recover in an action for negligence, it must appear that there was no negligence on his part contributing to the injury, and when the circumstances proved are not sufficient to justify such a finding no recovery can be had. (*Reynolds* v. *N. Y. C. and H. R. R. Co.*, not reported.) Negligence is not to be presumed against the deceased any more than against the defendant; but it is an affirmative fact to be made to appear by the plaintiff. If the circumstances are such that it may be fairly inferred, the inference must be made by the jury, and not the court; and it is difficult to deny that, from the facts shown, it might have been inferred that the deceased was rightfully on or near the side track. It was not a place of danger at the time. He may have gone there to exhibit the white flag indicating safety, or the red flag indicating danger. It is said that it was not his duty to do either. There was evidence of a habit to signal trains, and it would seem eminently proper for these chain-men to act as flag-men as well; and they were furnished flags, white and red, for no conceivable object, unless for that purpose. It is said they were used to flag teams. This would seem to be unnecessary, as there was a chain-man on each side of the street, and the chains were fastened across the street, and flags of different colors for that purpose would be absurd. If the company furnished such flags, it would be inferable that they were to be used.

But the difficulty in the case is upon the point that the accident occurred by the negligence of a fellow-servant, within the rules laid down on that subject, and for which the defendant is not liable. The new switch was not secured, it seems, so as to prevent the displacement of the rails. The

switch-man stated that this was in consequence of the holes being too small for the pin which fastens the lever. We do not think this slight defect is imputable to the company as a principal, who is required to furnish proper appliances, etc. The switch was new, just put in, and if it did not work, the switch-man should have used crowbars, as he had been accustomed before the switch was put in; or, he should have held the lever himself, which he testified that he didn't know, but he could have done, but he did not try; or he should have given notice, or signaled the train, or taken steps to have had the hole enlarged. He did neither, and the accident, within the rules of law, is attributable to him; if so, the company is not liable.

The point was sufficiently taken on a motion for nonsuit at the close of the plaintiff's evidence, and again repeated at the close of the whole evidence.

The judgment must be affirmed.

All concur.

Judgment affirmed.