DETERMINED IN THE

# FOURTH DEPARTMENT,

AT

## GENERAL TERM

### October, 1878.

---

WILLIAM CONE, Respondent, v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Appellant.

*Liability of master for injury to servant.*

For an injury to a servant resulting from the negligence of his master the latter is liable although, by diligence on the part of a fellow-servant the injurious effects of the master's negligence might have been prevented.

The plaintiff, one of defendant's employes, while repairing a car on a side track, was struck by another car, which was moved against him by an engine attached thereto. The engine was moved by the escape of steam through a defective valve into the cylinder, which defect had been known to defendant's superintendent for several months. Defendant's employe in charge of the engine, knowing of the defect, had left it, without using certain means, which he knew of, which would have prevented the escape of the steam. *Held*, that defendant was liable to the plaintiff for the injuries sustained.

APPEAL from a judgment in favor of the plaintiff, entered on the verdict of a jury rendered at the Oneida Circuit, and also from an order denying a motion for a new trial made on the minutes of the justice before whom the action was tried.

*Isaac S. Newton*, for the appellant. A servant owes to his co-servant the duty to use all diligence. Any injury which might

have been prevented by diligence is chargeable solely to the co-servant, and that, too, even if negligence might be imputable to the master. (*Salters* v. *The Delaware & Hudson C. Co.*, 3 Hun, 338; *Samson* v. *The N. Y. & Harlem R. R. Co.*, 62 N. Y. R., 251; *Hayes* v. *The Western R. R. Co.*, 57 Mass., 270, 272; *Hoffnagle* v. *N. Y. C. & H. R. R. R. Co.*, 55 N. Y., 610; *Wright* v. *R. R. Co.*, 25 N. Y. R., at page 567; *Tinney* v. *R. R. Co.*, 62 Barb., 218; Wood on the Law of Master and Servant, § 426, pp. 810, 812.) As between master and servant, that in providing machinery only reasonable care and diligence is called for is supported by the entire current of authority. (Wood's Master and Servant, § 421; *Piper* v. *R. R. Co.*, 56 N. Y., 630; *R. R. Cos.* v. *Webb*, 12 Ohio St., 475; *R. R. Co.* v. *Keary*, 3 id., 202; *Priestley* v. *Fowler*, 3 Meeson & Welsby, 1; FLETCHER, J., in *King* v. *R. R. Co.*, 9 Cush., 112; see, also, Pierce on Am. R. R. Law, 296; Redfield on Law of Railways, sec. 131, sub. 10; see, also, *Wright* v. *R. R. Co.*, 25 N. Y. R., 562.)

*Alfred E. Coxe*, for the respondent. The defendant was obliged by law to furnish, for the use of its servants, proper, suitable, safe and sufficient machinery, means and appliances, and keep them in a safe and suitable condition, or use due care to that end. (*Corcoran* v. *Holbrook*, 59 N. Y., 519; *Laning* v. *N. Y. C. R. R. Co.*, 49 id., 532; *Ackerson* v. *Dennison*, 117 Mass., 407; *Ford* v. *The Fitchburgh R. R.*, 110 id., 260; *Plank* v. *D., L. & W. R. R. Co.*, 1 S. C. R. Thompson and Cook, 319; aff'd, 60 N. Y., 607; *Ruow* v. *Housatonic R. R.*, 8 Allen, 441; *Ryan* v. *Fowler*, 24 N. Y., 410; *Patterson* v. *Wallace*, 28 Eng. L. & Eq., 48; *Cayzer* v. *Taylor*, 10 Gray, 274; *Gilman* v. *Eastern R. R. Co.*, 13 Allen, 440; *Gibson* v. *Erie R.*, 5 Hun, 31; Sherman & R. on Neg., 115, 116, § 92; *Coughtry* v. *Globe Mills*, 56 N. Y., 126, 128; *Conolly* v. *Poillon*, 41 Barb., 366; *Kirkpatrick* v. *N. Y. C. & H. R. R. R.*, 6 W. Dig., 105; *Mehan* v. *S. & B. R. R.*, Ct. of App., March, 1878, 6 N. Y. W. Dig., 362.)

SMITH, J.:

The plaintiff was in the employment of the defendant as a car repairer. While the plaintiff was engaged in examining a car

with a view to repairing it, which was standing on a side track of the defendant's at Richfield Springs, another car, which was also standing on the same track a few feet distant from the car which the plaintiff was examining, and which was attached to an engine, took motion from the engine after he went upon the track, and ran against him, in such a manner that he was caught between the two cars, and seriously injured. It is to be presumed the jury found that the accident occurred without any fault on the part of the plaintiff. The evidence tended to show that the engine took motion in consequence of steam escaping into the cylinder through a leaky valve, and that the defect in the valve had been known for months by the defendant's superintendent, but was not known by the plaintiff. There was also evidence tending to show that the defendant's employe, Roberts, who was in charge of the engine, left it standing on the track while the plaintiff was examining the car, and that he was aware of the defect in the valve, and omitted to use certain means in his power, which, if used, would have prevented the engine from taking motion in consequence of the leaking of steam.

The principal question in the case is whether the defendant is liable by reason of the defect in the engine, notwithstanding the neglect of the plaintiff's co-employe, Roberts, to guard against such defect. The question is one of first impression, so far as we are aware. We think it should be answered in the affirmative. The liability of the defendant in this case rests upon the well-settled principle that the master owes a duty to the servant to furnish proper, perfect, and adequate machinery or other materials and appliances necessary for the work in which the servant is employed. (*Laning* v. *New York Central R. R. Company*, 49 N. Y., 521; *Flike* v. *The Boston and Albany R. R. Company*, 53 id., 549.) We think the circumstance that Roberts, who was in charge of the engine and knew that it was defective, neglected to guard against the defect, does not relieve the defendant. The adjudged cases which hold that a master is not liable to his servant for an injury resulting from the negligence of a fellow-servant in the same common employment, proceed upon the ground stated by Chief Justice SHAW in the leading case of *Farwell* v. *Boston and Worcester R. R. Corporation*, (4 Mete., 49, 57); "that he who

engages in the employment of another for the performance of specified duties and services for compensation, takes upon himself the natural and ordinary risks and perils incident to the performance of such services, and, in legal presumption, the compensation is adjusted accordingly." "And we are not aware," the learned judge proceeds to say, "of any principle which should except the perils arising from the carelessness and negligence of those who are in the same employment. These are perils which the servant is as likely to know, and against which he can as effectually guard as the master. They are perils incident to the service, and which can be as distinctly foreseen and provided for in the rate of compensation as any other." (See, also, *Priestley* v. *Fowler*, 3 Mees. and Wels. 1; *Coon* v. *The Syracuse and Utica R. R. Company*, 6 Barb. 231, aff'd 1 Seld. 492.)

But how can it be said that a servant takes upon himself the risks and perils consequent upon the existence of defects, unknown to him, in the machinery, implements or materials provided by the master, or consequent upon the neglect of his fellow-servants, cognizant of such defects, to guard against them? We are not referred to any case holding that the servant assumes risks of that nature. The appellant's counsel takes the position that any injury to a servant, which might have been prevented by the diligence of a co-servant, is chargeable solely to the latter, and that, too, even if negligence might be imputed to the master. He cites several cases which will be briefly referred to. It will be seen that they do not sustain his position.

In *Salters* v. *The Delaware and Hudson Canal Company* (3 Hun, 338), the injury complained of was caused by a switch being carelessly left open, whereby an engine was overturned and the fireman was killed. It was a common switch, properly constructed and in good repair. In an action brought by the representatives of the deceased, the plaintiff's counsel argued that the company was negligent in not having provided a target switch. In answer to that argument, the court said, that assuming that the presence of a target would have indicated to the plaintiff's intestate that the switchman was negligent, to require its presence as a matter of right, is to require that the master shall, by mechanical appliances, exempt one servant from the neg-

ligence of another, and the case was decided upon the ground that the master was not under that duty. At the same time, the doctrine was reaffirmed that a railroad company is bound to place its employes under no risk from imperfect or inadequate machinery.

In *Sammon* v. *New York & Harlem R. R. Co.* (62 N. Y., 251), the injury resulted from the displacement of a switch, caused by the dropping out of a pin used to fasten the lever. It appeared that the pin was rather large for the hole which received it, so that it would not go clear through. By reason of this defect, it was claimed by the plaintiff's counsel that negligence was imputable to the company. But it appeared that the switch was new, and had been put in the day before the accident; before that, the rails were moved by a crow-bar; the switch-tender had changed the switch a number of times during the day, and he had not reported any defect. The court held that the accident, within the rules of law, was attributable to the switchman, and that the slight defect shown was not imputable to the company as a principal.

In *Hayes* v. *The Western R. R. Co.* (3 Cush., 270), a brakeman was injured by a collision of two trains belonging to the defendant, resulting from the negligence of another brakeman. The plaintiff's counsel insisted that the company neglected to furnish a sufficient number of brakemen to manage the train which ran against the other. Three brakemen were provided for it; one of them, without leave of any officer or agent of the company, failed to go with the train, and of the two who were on, the one whose duty it was to be on the rear car was not there, and the proof was that if a man had been stationed on the rear car, the collision could have been prevented. The evidence was conflicting as to whether two brakemen were a sufficient number to manage the train. The court charged that, as to the number of brakemen, the defendant would be responsible, if the number was not sufficient to insure safety, if the brakemen had all done their duty; but if the jury believed that if the brakeman, whose duty it was to have been on the rear car, had been there doing his duty, the injury would not have taken place, then it was immaterial whether the train was short of hands or not. Held, no error. In the light of its facts, the case asserts the doctrine that.

while a master is not liable to his servant for an injury caused by the negligence of a fellow-servant, he is liable for the consequence of his own neglect. In *Hofnagle* v. *The New York Central & Hudson River R. R. Co.* (55 N. Y., 610) and *Wright* v. *The New York Central R. R. Co.* (25 id., 562), the injury was caused solely by the negligence of a fellow-servant. And in *Tinney* v. *The Boston & Albany R. R. Co.* (62 Barb., 218), the act which caused the injury was not traced to the defendant or either of its employes.

It was said by RUGGLES, Ch. J., in *Keegan* v. *The Western R. R. Co.* (4 Seld., 175), that the cases which hold that a principal is not liable to one servant for an injury sustained by him in consequence of the negligence of a fellow-servant, are only applicable when the injury complained of happened without any actual fault of the principal.

We think the true rule is, that for an injury to the servant resulting from the negligence of the master, the latter is liable, although, by diligence on the part of a fellow-servant, the injurious effects of the master's negligence might have been prevented or averted. If the injury would not have happened but for the negligence of the master, contributory negligence on the part of the fellow-servant is no defense to the master. Within that rule the defendant is liable in this case. Not only would the injury not have happened if the engine had been in suitable condition, but, in that case, no negligence could have been imputed to the engineer.

The case of *Booth* v. *The Boston & Albany R. R. Co.*,* recently decided by the Court of Appeals, and which has come to our notice since the foregoing was written, seems to sanction the views above expressed. (MS. opin. of ANDREWS, J.) That was an action to recover damages alleged to have been caused by the negligence of the defendant. The case arose out of the same accident as the *Flike Case*, which is reported in 53 N. Y., 550. The negligence imputed to the defendant was the sending out of the train of cars, without a sufficient number of brakemen. On the trial of Booth's case, the counsel for the defendant requested the court to charge that, if the jury believed it was negligence in Hughes (the servant of the defendant in charge of the train) to start up his train after

*Decided March 19, 1878

stopping at Chatham, to reach the coaling place, without knowing that there were two brakemen on the train, or on the eleven rear cars, and that that was the cause of the accident, the plaintiff could not recover. The court said: "I so charge; that is, if the jury believe that this was the sole cause of the accident," and added, "but it must be taken with this allowance, that he (Hughes) had but two brakemen; and, if it was the duty of one to be at the coal heap and one at the train, the question still remains whether, if there had been a third brakeman, the accident would not have been avoided." The defendant's counsel excepted to the modification. Mr. Justice ANDREWS says, in his opinion: "The modification was not ground of exception. The plain meaning of the court was that, if Hughes' negligence was contributory with that of the defendant, in not sending three brakemen with the train, and both together caused the accident, the negligence of Hughes did not relieve the company from liability. This was unobjectionable." These remarks, which are understood to have been concurred in by the court, appear to be decisive of the present case.

We have carefully examined the other points made by the appellant's counsel, but do not discover that any material error was committed on the trial.

The judgment and order should be affirmed.

TALCOTT, P. J., and HARDIN, J., concurred.

Judgment and order affirmed.