OSCAR ELMER *vs.* A. W. LOCKE.

Franklin. Sept. 19. — Oct. 20, 1883. FIELD & W. ALLEN, JJ., absent.

A brakeman in the employ of a railroad corporation may maintain an action against the corporation for personal injuries occasioned, while in the exercise of due care, by the fall of a trestle-work supporting a portion of a spur track, which was intended for use for an indefinite period of time, if the fall is caused partly by the defective construction of the trestle-work, and partly by negligence of the fellow servants of the plaintiff.

TORT against the manager of the Troy and Greenfield Railroad and Hoosac Tunnel, for personal injuries received by the plaintiff, a brakeman, while in the employ of the defendant. At the trial in the Superior Court, before *Staples,* J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*J. A. Aiken*, for the defendant.

*S. T. Field*, for the plaintiff.

DEVENS, J.   There was evidence that the plaintiff was in the exercise of due care as a brakeman on the defendant's railroad; that a spur track, which had been in use for more than a year, led from the main line, and had been constructed for the purpose of approaching a stone-crusher and bringing therefrom stone, which had been broken, to ballast the tracks of the railroad; and that the falling of the trestle-work which supported a portion of this spur track, upon which the cars stood, and which was constructed for them to stand upon after they were loaded and before they were drawn away by the locomotive engine, (which fall was the cause of the injury to the plaintiff,) was occasioned by the defective construction of the trestle-work.

Apparently the train escaped from proper control by neglect of some of those who had the management of it, and who were fellow servants of the plaintiff, engaged in the common employ of conducting it.   This would not be sufficient to excuse the defendant, if he was in fact responsible for the defective construction of the trestle-work.   It does not exonerate him from the consequences of failure in the performance of his duty, if such failure contributed to the injury, to show that, if others for whom he is not responsible had performed their duty, the injury would not have occurred, or that it might have been avoided by care and vigilance on the part of those who were clearly the fellow servants of the plaintiff in the transaction. *Cayzer* v. *Taylor*, 10 Gray, 274, 281.   *Eaton* v. *Boston & Lowell Railroad*, 11 Allen, 500.   *Simmons* v. *New Bedford, Vineyard & Nantucket Steamboat Co.* 97 Mass. 361, 368.   *Lane* v. *Atlantic Works*, 111 Mass. 136.

The contention of the defendant is, that he is not responsible for the defective construction of this spur track, it not being shown that he failed to employ suitable persons or to provide suitable materials therefor; that if there was negligence therein, it was that of a fellow servant of the plaintiff, engaged in the same general business with him; and that he cannot recover, as it was one of the ordinary risks of the employment in which he engaged, and for which he must be deemed to have received compensation.

While it is well settled that, if a master uses reasonable care in the selection of his servants, and in supplying and keeping in repair suitable structures, and in giving proper directions and taking due precautions as to their use, he is not responsible to one servant for the negligence of another in the management and use of such structures in carrying on the master's work, it is equally clear that he is bound to use reasonable care to keep the engines with which, and the buildings, places and structures in, upon or over which, his business is carried on, in a fit and safe condition, and that he is liable to any of his servants for injuries suffered by reason of his negligence. Nor can he escape responsibility where it is his duty to supply suitable structures, instrumentalities, or appliances, by proving that he delegated to a proper agent their construction, superintendence, or repair. *Holden* v. *Fitchburg Railroad*, 129 Mass. 268.

The defendant deems that these principles apply here, and seeks to bring the case at bar within that class of cases where it has been held, in regard to temporary stagings erected for the repair or completion of buildings, that, if suitable workmen and materials are provided, the obligation of the master is discharged. But, in this class of cases, the erection of stagings is a necessary part of the work to be done, and a means for its accomplishment by those who undertake it. It may often depend upon the manner in which it is proposed to conduct the work whether such erections shall be made in one form or another. When the preparation of such appliances is not entrusted to nor assumed by the workmen, the master may be guilty of negligence if defective appliances are furnished, even though the workmen themselves are employed in furnishing them. *Arkerson* v. *Dennison*, 117 Mass. 407. Where the master undertakes to perform such a duty, and his servants employed therein are negligent, he is clearly responsible. Thus, in *Mulchey* v. *Methodist Religious Society*, 125 Mass. 487, it was held that, where the defendant undertook to erect and remove a staging to be used by C. (whose servant the plaintiff was) in painting a church, and employed D. for that purpose, the plaintiff was not a fellow servant of D. so as to prevent his recovery for an injury caused by a defect in the staging.

The defendant places much reliance on the case of *Lovegrove* v. *London, Brighton & South Coast Railway*, 16 C. B. (N. S.)

669, where the plaintiff, a laborer in the defendant's employ, was engaged in filling trucks with ballast, moving them from a pit, on rails temporarily laid to the permanent rails, and there attaching them to the engine. While so engaged, one of the temporary rails, in consequence of its being insecurely placed by the negligence of another servant, whose duty it was to superintend the laying of the rails and to change them as the work progressed, sprung up under the pressure of a loaded truck and injured him. Without citing this case for approval or otherwise, it is readily distinguishable from the one at bar. In that case, the thing to be done was to convey the ballast from the pit; as a part of that work, the shifting of the rails from time to time was necessary, and the moving of the loaded trucks and the rearrangement of the rails were parts of one common occupation. When a track exists as permanent as that which the evidence showed in this case to have been laid, and is intended to remain until the work is completed, it is an instrument for the use of those who conduct and manage the trains, such as they have a right to expect will be prepared with all due care, and to whose strength they may safely confide. *Snow* v. *Housatonic Railroad*, 8 Allen, 441.

The defendant further contends, that the construction and maintenance of the switches and turn-tables of a railroad may be delegated, even if the construction and maintenance of the line itself are within the duty of the owners of the railroad, and to be provided for by them; and thus that, as the defendant would be excused if he had employed suitable persons and provided suitable materials therefor, he should also, under similar circumstances, be excused if the spur track and the trestle-work, which are but appendages to the main line, were defectively constructed. We cannot concede the proposition, that the construction and maintenance of turn-tables and switches are not within the duty of the master equally with the main line. They are essential to its operation, and without them, or efficient substitutes for them, the road could not be used.

The defendant relies on several cases which should be considered. *King* v. *Boston & Worcester Railroad*, 9 Cush. 112, cannot be deemed to hold that a corporation is not responsible for want of ordinary care in preparing and providing a suitable switch. The facts of the case are somewhat meagrely reported,

but the opinion states, with great distinctness, that the case shows that there was no want of due care and diligence on the part of the corporation, and on this the decision is based.

In *Sammon* v. *New York & Harlem Railroad*, 62 N. Y. 251, the accident proceeded from the fault of the switch-tender, who must be deemed to have been a fellow servant with the plaintiff, who was an operative on the train.

In *Potts* v. *Port Carlisle Dock & Railway*, 2 L. T. (N. S.) 283, the accident was caused partly by the carelessness of a fellow servant, and partly by the defective construction of a turn-table, and the case therefore, to a certain extent, supports the position of the defendant.   On the other hand, it is said by Mr. Justice Bigelow, in *Snow* v. *Housatonic Railroad*, *ubi supra*, that "pro prietors of a railroad would be responsible for accidents hap- pening by tracks improperly laid, or switches which were not constructed to operate with regularity and precision;" and the same opinion states that the same care is required in maintain- ing them as is required in their construction.

In *Ladd* v. *New Bedford Railroad*, 119 Mass. 412, it is said by Chief Justice Gray that the defendant corporation was "obliged to use the utmost care consistent with the nature and extent of its business in providing a proper switch."

The spur track, if intended to be less permanent than the main line, was a fixed structure, not designed to be readjusted from time to time as work progressed, but to remain and be used for an important work, which could not be finished for an indefinite period.   The plaintiff, who was employed on a train which ran over the spur track, had as much right to have the corporation construct it with all due care, as the driver of a locomotive engine has to receive from the corporation an engine which is safe and suitable for transportation.   All those by whom a corporation performs its work are its servants, and thus fellow servants each with the other.   But the relation in which those who together manage the train and the track for the purpose of performing transportation stand each to the other, is quite differ- ent from that which they bear to those who perform the work of its construction and repair; and they have a right to expect the suitable instrumentalities and appliances which it is the duty of the master to furnish.

It is not important to consider whether the injury occurred by the wrong construction of the trestle-work, or by the failure to tie together the rails on the spur track and trestle-work; in either case, the failure of duty was that of the defendant.

As the case was properly submitted to the jury in this view, it is not necessary to decide whether there is not also evidence that the defendant took upon himself the work of supervision of the maintenance of the structure, and thus assumed its responsibility, even if he was not obliged to do so.

*Exceptions overruled.*