WILLIAM GUTHRIE, by his next friend, *vs.* MAINE CENTRAL
RAILROAD COMPANY.

Penobscot.    Opinion June 5, 1889.

*Railroad. Negligence. Brakeman. Broken cars. Evidence. Burden of proof.*

Upon the issue of defendant's negligence, where the testimony tends to show
that the injury complained of resulted from a defect in a car, which the
defendant was bound to keep in repair so that it should be reasonably safe,
and under such circumstances as would imply some fault on the part of
the defendant; and the jury, unless the circumstances are explained by the
defendant, would be authorized to find for the plaintiff, *Held*, that the case
should be submitted to the jury.

ON REPORT.   The parties agreed that if the action can be
maintained upon the plaintiff's testimony, it should come back
for trial.

Action by a brakeman, for personal injuries received at the
railroad station, in Bangor, while shackling a broken box car
unfit for use and dangerous to handle, on which the draw bar
had been torn away and the bumpers smashed and broken.

The declaration is as follows:—

*First count*, charging negligence by reason of broken car.

For that the defendant corporation on the twenty-second day
of February, A. D. 1887, was possessed of a certain railroad
extending through Bangor aforesaid, and was then in the full
occupation of said railroad, thereon running and using locomotive
engines and cars, and had the control, management and direction
of said railroad, and the engines and cars on the same; and the
plaintiff, the said William Guthrie, was, at said Bangor, on the
day and year last aforesaid, in the employ of, and at work for
the defendant corporation, as brakeman, by reason whereof, it
became and was his duty to help attend to the brakes upon the
cars and trains of cars of the defendant corporation upon which
he was, and to assist in shackling and unshackling cars, making
up trains, setting out cars from trains, and in helping said cars
and trains of cars out of the yard and depot of the defendant
corporation, at said Bangor.   And it was the duty of the defend-

ant corporation, to have and keep the engines and cars, so by it used and drawn upon said railroad, in good and sufficient condition and repair, so that its brakemen and other servants could, in setting out cars, making up, managing and moving trains of cars upon said railroad, with proper care and prudence, perform their duties in, upon and about said engines and cars, and about said railroad with safety. Yet the defendant corporation, not regarding their said duty, on the day and year last aforesaid, at said Bangor, carelessly and negligently suffered and allowed a certain freight car, so as aforesaid by it used, to be and remain broken and out of repair, unfit for use, and dangerous to handle, the end thereof smashed in, and draw-bar torn away, the bumpers upon one end smashed and broken ; all of which was known to the defendant but unknown to the plaintiff, by reason of which neglect of duty by the defendant corporation, and broken condition of said car, the plaintiff, while in the performance of his duty, as such brakeman, for said corporation, in attempting to shackle another and a moving car to said broken car, at said Bangor, on the twenty-second day of February, A. D. 1887, and while in the exercise of due care and caution, was caught by and between said broken car and said other car to which he was attempting to shackle it, and thereby plaintiff's body was jammed, crushed, broken, bruised and wounded, the bones of his right shoulder broken and displaced, his shoulder and right arm wounded and disabled, and permanently injured, and his left foot jammed and toes crushed, so that his great toe had to be and was amputated, his head was wounded, and mind and power of speech injured, and he thereby became and was sick, sore and disordered, and has so continued for a long space of time, to wit : from thence, hitherto, and still so continues, during all which time the plaintiff thereby has suffered great pain of body and mind, and has been wholly prevented from doing any labor or business whatever.

*Second count,* for not having made and promulgated to employes suitable rules for the care and transportation of such rolling stock as may become defective.

Also, for that the said Maine Central Railroad Company, a body corporate, before and on the twenty-second day of February, in

the year of our Lord one thousand eight hundred and eighty-seven, was, and ever since has been possessed of a certain railroad, extending from Portland, in Cumberland county, state aforesaid, to and through Bangor, aforesaid, in said county of Penobscot, to Vanceboro, and was before, and on said twenty-second day of February, aforesaid, and has been ever since, in the full occupation of said railroad, thereon running and using locomotive engines and cars, for the transportation of passengers, freight and for other purposes, and having the control, management and direction of said railroad, and the engines and cars on the same. And the plaintiff, the said William Guthrie, was before, and on said twenty-second day of February, in the year last aforesaid, in the employ of said railroad company, and on the day and year last aforesaid, at Bangor, at work in such employ for said company as brakeman, by reason of which employment and work as brakeman, it then became, and was his duty to help attend to the brakes upon the cars and trains of cars of the defendant corporation, upon which he was, and to assist in shackling and unshackling cars, making up trains, setting out cars from trains, and in helping said cars and trains out of the yard and depot of defendant corporation at said Bangor. And it was the duty of the defendant corporation to have and keep its engines and cars so by it used and drawn upon said railroad in good condition and repair; and to make, have, and make known to its engineers, conductors, and its other servants and employes, and to enforce proper rules and regulations for the making up, running, management and control of its trains, the repair, and transfer, and conveyance for repair, and handling of its broken engines and cars, and for notifying and warning its employes of danger to them, and to protect them as far as practicable, against accident and injury to them in its service, so that said servants and employes could, with proper prudence and care, perform their duties in, upon and about said engines and cars and about said railroad with reasonable safety. Yet the defendant corporation, not regarding its said duty in the premises, had not before, nor did it on the day and year last aforesaid, have or make known to its engineers, conductors, or its other employes,

proper rules and regulations, or any rules and regulations at all, for the repair of its broken cars, their handling, transfer and conveyance for repair or otherwise, or for notifying or warning its brakemen or other employes, that a car was broken, unfit for use, or dangerous to handle. And the defendant corporation, on the day and year last aforesaid, at said Bangor, made up a train of cars on the said railroad, and by, through, and because of its said neglect of duty, carelessly and negligently attached to the end thereof, a broken car, unfit for use and dangerous to handle, without warning or notice to its brakemen or others, of its broken or dangerous condition; by reason of which neglect of duty by the defendant corporation, and broken and dangerous condition of said car, the plaintiff, while in performance of his duty as such brakeman for said corporation, in attempting to shackle another and a moving car, to said broken car, at said Bangor, on the twenty-second day of February, A. D. 1887, and while in the exercise of due care and caution, was caught by, and between said broken car and said other car to which he was attempting to shackle it, and thereby plaintiff's body was jammed, crushed, broken, bruised and wounded, and the bones of his right shoulder broken and displaced, his shoulder and right arm wounded and permanently injured, and his left foot jammed and toes crushed so that his great toe had to be and was amputated, his head was wounded and mind and power of speech injured, and he thereby became and was sick, sore and disordered, and has so continued for a long space of time, to wit: from thence hitherto, and still so continues during all which time the plaintiff thereby has suffered great pain of body and mind, and has been wholly prevented from doing any labor or business whatever.

Besides the facts stated in the opinion of the court, it was admitted that there was no placard placed on the broken car.

*Jasper Hutchings, P. H. Gillin,* with him, for plaintiff.

Counsel cited: *Herdinger* v. *Hine,* 18 N. Y. W. Dig. 404, S. C. 31 Hun. 316; *Weber* v. *R. R.,* 58 N. Y. 451; *Gottlieb* v. *R. R.,* 29 Hun. 637, 639; *Ellis* v. *R. R.,* 95 N. Y. 546, 552; *Kain* v. *Smith,* 89 N. Y. 375; *Durkin* v. *Sharp,* 88 N. Y. 225; *Stevens* v. *R. R.,* 66 Maine, 74; *Penn. Co.* v. *Roy,* 102 U. S. 451; *Pant-*

*zar* v. *Tillie Foster, &c. Co.,* 99 N. Y. 372 ; *Schwander* v. *Birge,* 33 Hun. 189 ; *Clark* v. *Holmes,* 7 Hurl. & N. 937 ; *Coombs* v. *New Bedford Cordage Co.,* 102 Mass. 572 ; *Russell* v. *R. R.,* 32 Minn. 234 ; *R. R. Co.* v. *Jones,* 95 U. S. 441 ; *Mowrey* v. *R. R.,* 66 Barb. 46 ; *Williams* v. *Syracuse Iron Works,* 31 Hun. 392 ; *Campbell* v. *Syracuse,* 20 N. Y. W. Dig. 449 ; S. C. 34 Hun. 626 ; Shear. & Red. Neg., p. 15, § 13, p. 17, and cases cited, p. 16, § 13ᵃ ; *Bridges* v. *R. R.,* L. R., 6 Q. B., 377 ; *Scott* v. *London Docks,* 3 Hurl. & C. 596 ; *Clare* v. *Nat. City Bank,* 1 Sweeney, 539 ; Pierce, Railroads, 379 ; R. S., c. 51, § 62 ; *Snow* v. *R. R.,* 8 Allen, 441 ; *Atkins* v. *Merrick Thread Co.,* 142 Mass. 431 ; *Everson* v. *Rollins,* 6 Cent. Rep. 745 ; *Maguire* v. *R. R.,* 146 Mass. 379 ; *Shanny* v. *Androscoggin Mills,* 66 Maine, 420 ; *Abel* v. *Del. & Hud. Canal Co.,* 5 Cen. Rep., 615 (N. Y.) Dec. 7, 1886, S. C., 103 N. Y. 581 ; *Sheehan* v. *R. R.,* 91 N. Y., 332, 339 ; Kirkman's Ry. Service, 253, 258 ; Road Master's Assist. 187, 237, 242.

*F. A. Wilson* and *C. F. Woodard,* for defendants.

Action must be founded upon the charge of negligence on the part of the defendant corporation, and not on the part of its employes who were co-servants with the plaintiff, and for whose negligence the company can not be held responsible to him.

This is a distinction to be carefully observed in this case, for if the facts show negligence on the part of anybody except the plaintiff himself, we submit it must be upon the part of the fellow servants of the plaintiff and not of the defendant corporation itself or of anybody standing in its place.

The other men employed on the train on which plaintiff was, the servants who placed the broken car where it was, and whoever should have marked or placarded it, if any mark or placard should have been placed upon it, were all fellow servants of the plaintiff. *Doughty* v. *Pen. Log Driving Co.,* 76 Maine, 143 ; *Cassidy* v. *R. R.,* 76 Maine, 488 ; Pierce on Railroads, 361–6 ; *Holden* v. *R. R. Co.,* 129 Mass. 268 ; *Mackin* v. *R. R.,* 135 Mass. 201.

The fact that the plaintiff is a minor makes no difference in the application of the rule that the defendant is not liable to him for any negligence on the part of his fellow servants. *King* v.

*R. R.*, 9 Cush. 112; *De Graff* v. *R. R.*, 76 N. Y. 125, 132; Pierce, Railroads, p. 360 and cases cited; *Williams* v. *Churchill*, 137 Mass. 243, 244. By the express provisions of rule 160 contained in time-table, put into the case by plaintiff, "the regular compensation of employes covers all risk or liability to accidents."

Defective and broken car: It does not appear that it belonged to defendant, how long it had been defective, that it was not injured immediately before the accident without time to remove or placard it, or defendant notified of the defect. No presumption that it belonged to defendant. Freight cars of other companies daily hauled over the road. Judicial notice may be taken how railroads are managed in their daily practical operating. *Slater* v. *Jewett*, 85 N. Y. 61, 68. Defendant bound to receive and draw others' cars. *Mackin* v. *R. R.*, 135 Mass. 201, 206. No presumption of negligence on part of defendant, from the fact alone, of the accident, or plaintiff being injured while in employ of defendant. *Wormell* v. *R. R.*, 79 Maine, 397, 403; *Nason* v. *West*, 78 Id. 253, 257. Case unlike *Stevens* v. *R. R.*, 66 Maine, 74. Facts do not raise presumption of negligence on part of defendant. Patterson, Ry. Accident Law, 438, *et seq. Nason* v. *West, supra.* Defendant bound to its employe to use only ordinary care. *Wormell* v. *R. R., supra.* Burden of proof not shifted to defendant. Rorer, Railroads, 1200, and cases cited. Plaintiff must prove that defendants' negligence caused the injury by evidence having legal weight and upon which a verdict would be allowed to stand. *Nason* v. *West, supra.* Defendants' duty to plaintiff, as employe, is to use ordinary care in providing and maintaining machinery and cars, so that the servant, in the exercise of due care may perform his duty without exposure to dangers outside the obvious scope of his employment. *Wormell* v. *R. R., supra; Holden* v. *R. R.*, 129 Mass. 268, 277; Pierce, Railroads, 370, 373.

Plaintiff must prove, first, a defective car, second, negligence in failing to exercise ordinary care and diligence to ascertain the defect, and remedy it. *De Graff* v. *R. R.*, 76 N. Y. 125, 128.

Rules for care and transportation of broken rolling stock: Company not required to make such rules, it being impractic-

able. *Besel* v. *R. R.*, 70 N. Y. 171, 174, 175; *Yeaton* v. *R. R.*, 135 Mass. 418, 420. Their only purpose is to give employe knowledge of defects. Master not bound to give notice of patent defects. Pierce, Railroads, 379. Servant assumes all ordinary risks. Wood, Master and Servant, pp. 680, 681, 682; *Woodley* v. *R. R.*, 21 Moak. Eng. R. 519, note. Must inform himself. Beach, Contrib. Neg. § 138. He needs no printed placard to announce a precipice when he stands before it. *R. R.* v. *Smithson*, 45 Mich. 412. But rules, if made, would not have prevented this accident. Plaintiff says he did not see the car, or know whether any car was there or not;—hence he could not have seen any placard, flag, etc.

It must be shown that negligence was the cause of the accident. *State* v. *R. R.*, 76 Maine 357, 366.

Plaintiff guilty of contributory negligence. Pierce, Railroads. 377.

DANFORTH, J. The plaintiff seeks to recover damages for an injury, suffered by him while he was in the employment of the defendant as a servant, and in the execution of his duties as such. The case is reported upon the plaintiff's testimony alone with the proviso that if the action is maintainable it is to stand for trial; otherwise to be nonsuit.

It appears that a freight train stood upon the track of the defendants' railroad, at the station in Bangor, ready to be started for Waterville. To this train was attached a freight car from the rear end of which the bumpers and draw-bar had been broken. Such was the grade out of the station toward Waterville, that it was necessary to render some extra assistance to start this train upon its way. In order to do this another train, consisting of an engine and about eight cars, upon which the plaintiff was a brakeman, was backed toward the Waterville train with a view of coupling to it and pushing it over the grade. On approaching the Waterville, the conductor of the assisting train ordered the plaintiff who was on the top and about midway of it to "run ahead and make the hitch." The plaintiff started in obedience to the order, but before its execution was accomplished the accident happened and he became unconscious. As there is no

witness who saw him at the time, we have no direct testimony as to the manner in which the injury occurred.

These facts present the first question raised in this case. That is, whether the proof is sufficient to authorize the jury to come to the conclusion that the injury was caused in whole or in part by the defective car. If not so caused there is no ground disclosed upon which the action can be maintained against the company. If it was so caused, as it is the duty of the company to provide suitable cars and exercise due care in keeping them in repair, the action can be sustained if made out in other respects. The same result would follow if such was the effective, proximate cause even though the negligence of a fellow servant might have contributed to the accident. It is true the company in this case would not be responsible for the negligence of a fellow servant; neither would the plaintiff. Nor can a party be relieved from the consequences of his own want of care by the intervention of the wrong of a third party when that wrong was contributory only. *Cayzer* v. *Taylor*, 10 Gray, 274; *Elmer* v. *Locke*, 135 Mass. 575.

Could then, the jury have, fairly, come to the conclusion that the defective car was the efficient cause of the injury? The plaintiff testifies that when the order was given "I started to run across the cars to make the hitch." Subsequently he says, "I started to make the hitch." Between these statements, there is some testimony indicating some things he had done toward making the coupling, or which may be understood as stating the manner of doing it. There is also testimony of the surgeons showing the nature of the injuries and by inference how they must have been caused. The plaintiff's counsel seems to understand and assume that the plaintiff had made some progress in the execution of the order at least so far as to have begun to descend the ladder necessary to reach the place of coupling, and thus being between the defective car and the one to be attached, was there caught and injured. The defendant views it differently. Hearing the testimony would probably give a better understanding of it than a report. Taking all the testimony together with the fact which should not be overlooked, that the case discloses nothing to show

that the accident could have happened in any other way, we think it should be submitted to the jury.

The. second question raised is whether the plaintiff is shown to have been in the exercise of due care at the time of the accident. The degree of care required is not in dispute, nor is it denied that it is a question for the jury. But it is denied that the plaintiff has affirmatively discharged the burden resting upon him of showing that he was not guilty of negligence which contributed to the accident. This at best is a negative kind of proof. It is not necessary, nor is it ordinarily expected, that any positive act of care shall be proved. If there is any fault that is usually susceptible of proof. But the absence of fault, with evidence of circumstances which naturally exclude it, is sufficient. *Maguire* v. *Fitchburg R. Co.*, 146 Mass. 379.

It would seem to be a fair inference from the testimony that the plaintiff, though some years under his majority, had sufficient intelligence and experience to enable him to understand and appreciate the dangers attendant upon the service to be performed. He well knew the necessity of the draw-bar and bumpers and could not fail to know the result likely to follow an attempt to shackle the cars in their absence. If the plaintiff was upon the ground facing the defective car, he could not fail to see the defect and the danger resulting from it. But the case shows affirmatively that he was on the top of the car and so far as appears properly so. To perform his duty he must descend, and the only way provided, was a ladder at the end of the car and so near to it that he could go down only by facing the car upon which he was, and, of course, with his back to the defective car. True, in work which is at best dangerous, vigilance is an element of the care required in the servant. But it is that degree of vigilance which is consistent with a prompt and efficient discharge of his duty and not that which follows, when such a duty is to be performed, from a delay sufficient to allow a careful examination and search for defects, which it is the duty of the master to guard against.

In this case the plaintiff was in the performance of a duty, performing it so far as appears in the ordinary way, and if at the .time of the accident, the jury find as we have seen the evidence

tends to show, that he was descending the ladder or had just reached the ground, we think in the absence of other testimony the jury would be authorized to find due care on the part of the plaintiff.

The third question raised, and which is most discussed at the bar, relates to the sufficiency of the proof to sustain the charge of negligence against the defendant company. That the burden of proof to sustain this charge is upon the plaintiff is not denied. This burden does not change in any stage of the case. This can only be done, by admitting a previous fact, or series of facts sufficient to maintain or defeat an action and setting up another fact or series of facts, not in rebuttal of the first but to avoid their effect. There may be a *prima facie* case made by the testimony, the effect of which may be modified or destroyed by rebutting testimony. In such case, the issue is to be decided by the preponderance of testimony, the burden remaining where it first rested. In *Stevens* v. *E. & N. A. Ry.*, 66 Maine, 74, it was decided that the burden of proof was upon the plaintiff to show negligence on the part of the defendant company; but it was further held that the plaintiff made out a *prima facie* case by showing simply that the cars run off the track by which the injury was caused. This was upon the ground that in running railroads the simple fact that the cars run off is presumptive evidence that there is something wrong in the track or in the management of the train, and as in that case the plaintiff was a passenger, for whose safety the company was responsible, and for the care of its employes, as well as for the good condition of its track, the evidence shows a presumptive wrong on the part of the company, which it was bound to explain if it were susceptible of explanation. This principle seems to be in accordance with sound law as settled by the authorities. It is made more evident by the fact that the road is in the possession, and its running in the control of, the company, and hence the explanation, if any, must be in its control also. This too is perfectly consistent with the principle enunciated in *Nason* v. *West*, 78 Maine, 256, that the mere fact of an accident raises no presumption of wrong on the part of the defendant. This is true in the case referred to and may be true

in very many cases. The accident, in order to raise that presumption, must be one which, from its nature, or from such attending circumstances, would not be expected unless by an omission wrongful on the part of the defendant, and perhaps when the explanation is in the control of the defendant.

The case at bar is in favor of an employe. But there appears no reason why the same principle should not be applied, so far as it is applicable. Assuming, as we must in this stage of the case, that the injury was caused by the defective car, its defect is undeniable; it was in or attached to a train of similar cars, with nothing so far as the case discloses to show that it in any way differed from the others or was there for a different purpose; but the indications were that it was to be used as any other car, and from its position it became necessary to use it in the way by which the accident was caused. Of the condition of the car the plaintiff had no knowledge; there was nothing to put him upon his guard. As employe he had no control over the car, no responsibility for its being there, or for its being out of repair. Nor did his fellow servants; for any employe whose duty it was to attend to repairs, was not a fellow servant for whose neglect the plaintiff would have no remedy. On the other hand it is a plain duty of the company to provide suitable cars for its employes, use due diligence in keeping them in repair and in providing all reasonable means to protect its servants from increased danger from want of repairs. The case then reveals clear *prima facie* evidence of an omission of duty on the part of the company. If there is any explanation it is within the power of the company to give it.

It is contended that the plaintiff on the authority of *Nason* v. *West*, *supra*, should be held to prove that the company had notice of the defect in the car. But *Nason* v. *West*, in that respect is not applicable. In that case the accident occurred by the falling in of an oven. But it did not appear that it was for any defect for which the defendant was responsible, or which imputed in any degree any fault in him, but the opposite.

This principle of law is by no means a new one, nor is it alone applicable to railway companies. In all cases where a wrong, a

fault, or an omission of a duty even, is proved, from which damages result, the wrong, fault, or omission, implies a neglect, in the absence of other evidence, which requires explanation, from the apparently guilty party.

*Action to stand for trial.*

PETERS, C. J., VIRGIN, LIBBEY, EMERY and FOSTER, JJ., concurred.