## SHULTE & WAGNER v. HENNESSY.

1. **Practice**: DEMURRER. It is not competent to assail a clause or sentence, or several clauses or sentences, in a count or petition by demurrer. The objectionable matter may be reached by a motion to strike out.

2. **Arbitration**: IMPEACHMENT OF AWARD: EVIDENCE. The testimony of an arbitrator is competent to show that no final award was made, and that, although he had signed it, yet, subsequently discovering a mistake therein, he never delivered it.

3. **Contract**: CONSTRUCTION. A contract for the erection of a stone tower stipulated, *inter alia*, that the builder should receive $2.75 per perch for the first ten feet of his work, and an increase of 25 cents per perch for each additional ten feet, and 38 cents per superficial foot for dressed ashler work set in the wall: *Held*, that the builder was entitled to the sum stipulated for the dressed ashler work, in addition to the payment provided for laying the same in the wall.

4. ———: FAULT OF PARTY. *Held*, also, that the contractor was entitled to pay for the work of dressing ashler stone which he was prevented by the default of the other party from laying.

5. **Evidence**: TESTIMONY OF EXPERTS. Practical mechanics of many years experience, whose evidence showed them competent, were properly admitted to testify as to the measurement of masonry.

*Appeal from Dubuque District Court.*

THURSDAY, APRIL 22.

THE plaintiffs claim $3,500, an alleged balance due for labor performed and materials furnished toward the erection of a tower in front of the Catholic Cathedral, in Dubuque, under

a written contract. The contract provides that plaintiffs shall furnish all the material except ashler rock, and erect in a skillful and workmanlike manner, under the supervision of an architect to be selected by defendant, forty-eight feet of said tower, for which they are to be paid as the work progresses in sections of ten feet, upon estimates furnished by the architect, less a drawback of 20 per cent on the first section, and of 10 per cent upon the other sections, which sums are to be paid upon the completion of the work. An addition to the agreement provides that for every day's delay in the completion of the tower after the first of November, 1872, caused by the fault of plaintiffs, they shall pay ten dollars. The original contract contemplated that the structure should be erected of Dubuque stone. Afterward, by a parol modification, it was agreed that defendant should furnish for the outside of the tower, Farley stone, which was more costly, and that plaintiffs should allow him therefor the cost of Dubuque stone.

Plaintiffs allege that they entered upon the performance of the work, and before the 13th of November, 1872, completed 46½ feet of said tower in the manner required by the contract, under the supervision of John Mullany, an architect selected by defendant, and that there became due them the sum of $6880.23, of which sum they admit the payment of $4200.00. The petition further alleges that plaintiffs were prevented from completing the work within the time agreed upon by the failure of defendant to make prompt payments as the work progressed, and that they are released from a further performance of their contract. Plaintiffs also claim $200 for cutting stone for the last foot and one-half of the tower, and $60 for taking down gable and removing bell. The answer alleges that the matter in dispute was submitted to John Keenan and C. H. Henderson, as arbitrators, and that they rendered an award, under which there is due plaintiffs $1107.41, which award defendant pleads in bar of the suit. Defendant also claims $1800.00 damages of plaintiffs for the failure to complete the tower, and $500.00 for alleged unskillful workmanship. The plaintiffs filed a reply, a portion of which is as follows:

"*The plaintiffs admit that the said Keenan and Henderson signed the said paper annexed to defendant's substitute, and marked 'C,' but they say that the said Henderson signed the said paper upon the representation and assurance made to him by said Keenan that the same was correct, and did not sign the same upon his own measurement and computation, and that immediately after signing the same, he discovered that said paper was incorrect, and so notified said Keenan and the defendant,* and thereupon a dispute and disagreement arose between said Keenan and said Henderson in regard to the measurement of said work, and it was then understood that they never had agreed as to the measurement, and therefore they proceeded as they were authorized to do in case of disagreement, to choose a third person to assist in measuring and determining the amount of said work, and selected and agreed upon one John Broadhurst, and afterwards said Keenan refused to act with said Broadhurst, and so in fact no agreement has ever yet been reached in regard to said work."

To all that portion of the reply indicated by italics, the defendant demurred on nine distinct grounds. The court overruled the demurrer, and the defendant excepted.

The cause was submitted to a jury, who returned a verdict for plaintiff for $2746.00, with interest at six per cent from the 13th day of November, 1873. The motion for new trial was overruled, and judgment was rendered upon the verdict. Defendant appeals.

*H. T. McNulty*, for appellant.

*Adams & Robinson*, for appellees.

DAY, J.—I. The demurrer was properly overruled. It is directed to merely a part of a sentence. It is not competent to assail a clause, or a sentence, or several clauses or sentences in a count or petition by a demurrer. If the matter objected to was considered improper, it should have been reached by a motion to strike it out. *Hayden v. Anderson*, 17 Iowa, 158; *Benedict v. Hunt*, 32 Iowa, 23.

1. PRACTICE: demurrer.

II. The plaintiff introduced C. H. Henderson, one of the arbitrators, to whom was submitted the measurement of the *2. ARBITRATION: award: evidence.* tower, who, in substance, testified that he did not consider the paper attached to defendant's answer, marked exhibit " C," correct; that he signed it on Keenan's representation that it was correct; that he discovered its incorrectness the evening of the day on which he signed it; that he did not deliver to Schulte & Wagner the award which he had in his possession for that purpose. To this testimony it is objected that it is not competent for an arbitrator, after the publication of an award, to impeach it. This testimony, however, tends to show that no final award was made; that one of the arbitrators, and the one intrusted with the award, discovered a mistake in it soon after he signed it, and that thereupon he refused to deliver it as his award. For this purpose we regard the evidence competent.

III. The contract stipulates as follows: " It is further understood that the party of the second part (plaintiffs) shall *3. CONTRACT: construction.* furnish all materials and tools except the ashler rock, and said party of the second part is to receive for said work, viz: $2.75 per perch for the first ten feet of said section, and an increase of twenty-five cents per perch for each ten feet in progression up said section until the full height of 48 feet shall have been reached, and thirty-eight cents per superficial foot for dressed ashler work set in walls."

Appellant claims that, under the contract this 38 cents pays for dressing the stone and setting them in the wall, and that. evidence as to the number of perches in the entire wall, was incompetent. We do not think this is the fair and reasonable construction of the contract. The evidence very clearly shows that the dressing of stones and the laying of them in walls, are usually contracted for separately. There are several modes of dressing stones, differing very materially in cost. If this 38 cents per superficial foot was intended as the compensation for dressing and laying in the wall, the contract is very imperfect and indefinite, for plaintiffs would receive no more compensation for laying these dressed stones, if they extended into

the wall two feet than if they extended into it one foot or less. In fact, the compensation being governed by the superficial feet, the thickness of the stone, though making a great difference in the cost of laying them up, would make no difference in the compensation; and, further, no increased compensation would be paid for the higher portions of the tower, notwithstanding the contract provides for the stone to be laid by the perch, an increased compensation for each successive section of ten feet.

We have no doubt that the true construction of the contract is that it provides pay by the perch for all the stone laid in the wall, and in addition to this 38 cents per superficial foot for dressed ashler appearing upon the contour of the tower. This would prevent the plaintiffs from recovering for any dressing which did not, after the erection of the wall, appear upon the surface.

IV. It is objected that the testimony of all the witnesses of plaintiffs, except Mullany, as to the custom of measuring masonry, was improperly admitted, because they were not shown competent to testify to the mode of measurement. This objection is without merit. The witnesses were all practical mechanics, of many years' experience, and they show themselves fully acquainted with the custom as to measuring.

V. It is claimed that the testimony as to the work on rock, not put in the tower, should have been excluded because not provided for in the contract. It is true the contract did not contemplate the payment for this work until it was put in the tower, but plaintiffs claim, and the evidence tends to show, that they were prevented from completing the tower by the failure of defendant to pay as stipulated. This view also answers the objection that all of plaintiffs' evidence is incompetent because they did not build 48 feet of tower.

<sup>4.</sup> ——: fault of party.

VI. No specific objection is urged in the argument to the instructions given, nor to the refusal of those asked. The charge of the court seems quite fair, and is, so far as we see, unobjectionable. The evidence fully sustains the verdict.

AFFIRMED.