All concur, except RUGER, Ch. J., and RAPALLO, J., not voting.

Judgment affirmed.

WILLIAM H. ELLIS, as Administrator, etc., Appellant, *v.* THE NEW YORK, LAKE ERIE & WESTERN RAILROAD COMPANY, Respondent.

Where an injury to an employe of a railroad company is caused partly by the negligence of another employe and partly by failure of the company

to provide proper and suitable apparatus, the negligence of the co-servant will not exonerate the company from the consequences of its own default. In an action to recover damages for alleged negligence causing the death of E., plaintiff's intestate, it appeared that the deceased was a brakeman upon a freight train on defendant's road and was in the caboose car of the train, when, seeing that a collision was imminent between it and another train following, he stepped out of the front door of the car on to the platform of the next car. The cars were furnished with buffers, but they so overlapped each other that they were useless, and in consequence, when the trains collided, E. was caught between the ends of the two cars and killed. *Held*, that a dismissal of the complaint was error; that it was a duty the defendant owed its employes to provide cars with buffers appropriately placed.

(Argued March 20, 1884 ; decided April 15, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made February 13, 1883, which affirmed a judgment in favor of defendant, entered upon an order dismissing the complaint on trial.

The nature of the action and the material facts are stated in the opinion.

*John W. Lyon* for appellant. A railroad company owes to its employes the duty of providing and maintaining safe and suitable structures, machinery and appliances, so as to protect them against danger. (*Gottlieb* v. *N. Y., L. E. & W. R. R. Co.*, 29 Hun, 637–641 ; *Flike* v. *Boston & Albany R. R. Co.*, 53 N. Y. 549 ; *Laning* v. *N. Y. C. R. R. Co.*, 49 id. 521 ; *Connelly* v.' *Pollion*, 41 Barb. 366, 369 ; 41 N. Y. 619 ; *Plank* v. *N. Y. C. R. R. Co.*, 60 id. 607 ; *Mehan* v. *Syr., B. & N. Y. R. R. Co.*, 73 id. 585 ; *Booth* v. *Boston & Albany R. R. Co.*, id. 38–40 ; *Corcoran* v. *Holbrook*, 69 id. 517–520 ; *Ryan* v. *Fowler*, 24 id. 410–414 ; *Kirkpatrick* v. *N. Y. C. & H. R. R. R. Co.*, 79 id. 240 ; *Fay* v. *Minn. & St. L. R. R. Co.*, 15 Northw. Rep. 241 ; *Muldowney's Adm'rs* v. *Ill. Cent. R. R. Co.*, 36 Iowa, 462–473 ; *Alden* v. *N. Y. C. R. R. Co.*, 26 N. Y. 102 ; *Kain* v. *Smith*, 80 id. 458 ; *Cone* v. *Del., L. & W. R. R. Co.*, 81 id. 458 ; *Fuller* v. *Jewett*, 80 id. 46 ; *Hough*

v. *Railway Co.*, 100 U. S. [10 Otto] 213; 21 Alb. L. J. 129; *Painton* v. *Northern C. R. Co.*, 83 N. Y. 7; *Braun* v. *Chicago, R. I. & P. R. R. Co.*, 22 Alb. L. J. 117; *Chicago & N. W. R. R. Co.* v. *Jackson*, 55 Ill. 492; 8 Am. Rep. 66; *Shanny* v. *Androscoggin Mills*, 66 Me. 420; *Gibson* v. *Pacific R. R. Co.*, 46 Mo. 163; 2 Am. Rep. 497; *Cumberland, etc., Co.* v. *State*, 44 Md. 283; *Wedgwood* v. *C. & N. R. R. Co.*, 44 Wis.; 18 Alb. L. J. 137.) The deceased had the right to understand and assume that the defendant had exercised care in that respect, so as not to expose him to unreasonable risks or dangers. (*Connelly* v. *Pollion*, 41 Barb. 366–369; 41 N. Y. 619; *Noyes* v. *Smith*, 28 Vt. 59; 24 N. Y. 414; *Jetter* v. *N. Y. & H. R. R. Co.*, 2 Abb. Ct. App. Dec. 458, 461; *Ford* v. *Fitchburg R. R. Co.*, 110 Mass. 240; 14 Am. Rep. 605, 606; *Gibson* v. *Pacific R. R. Co.*, 2 id. 500; 46 Mo. 16; *Fort Wayne, etc., R. R. Co.* v. *Gildersleeve*, 33 Mich. 133; *Toledo, etc., R. R. Co.* v. *Ingraham*, 77 Ill. 309.) The question as to whether the buffers furnished deceased were safe and proper appliances should have been submitted to the jury for it to pass upon, and it was error to take such question from the jury. (*Muldowney's Adm'rs* v. *Ill. Cent. R. R. Co.*, 36 Iowa, 462–473.) It was defendant's duty to supply and maintain buffers in safe and proper condition. (*Gottlieb* v. *N. Y., L. E. & W. R. R. Co.*, 29 Hun, 637, 641; *Fay* v. *Minn. & St. L. R. Co.*, 15 Northw. Rep. 241; *King* v. *Ohio, etc., R. Co.*, 14 Fed. Rep. 277; *Grand Trunk R'y Co.* v. *Cumming*, 27 Alb. L. J. 294.) It was error to grant the motion for a nonsuit on the theory of the neglect of a fellow-servant of deceased. (*Fuller* v. *Jewett*, 80 N. Y. 52; *Kirkpatrick* v. *N. Y. C. & H. R. R. R. Co.*, 79 id. 240; *Kain* v. *Smith*, 80 id. 458; *Braun* v. *Chicago, R. I. & P. R. R. Co.*, 22 Alb. L. J. 117; *King* v. *O. & W. R'y Co.*, 27 id. 176; *Hough* v. *Texas & P. R'y Co.*, 21 id. 129; *Ford* v. *Fitchburg R. R. Co.*, 110 Mass. 240; *Painton* v. *Northern C. R. R. Co.*, 83 N. Y. 7.) Where a master furnishes defective machinery for use in the prosecution of his business, he is not excused by the negligence of a servant in using the machinery,

from liability to a co-servant for an injury which could not have happened had the machinery been suitable for the use to which it was applied. (*Cone* v. *Del., L. & W. R. R. Co.*, 81 N. Y. 206, 209; *Grand Trunk R. R. Co.* v. *Cummings*, 27 Alb. L. J. 294.) Deceased was at his place of duty, and in a moment of danger and under impulse of great fear attempted to save his life, which constitutes no negligence upon his part. (36 Iowa, 372; 47 id. 688.)

*Lewis E. Carr* for respondent. The presumption always is, that the master has performed his duty to the servant. That presumption exists in every case, although the injury to the servant may have been occasioned by the failure of some of the instrumentalities of the master's business. (Wood's Master and Servant, 744, §§ 346, 368, 382.) The burden of proof rests upon the servant or on the one suing for causing the servant's death, to establish the fact that the injury or death resulted from the fault of the master. (*Allen* v. *New. Gas Co.*, 17 Eng. Rep., Moak's Notes, 420; Wood's Master and Servant, §§ 344, 346, 368, 382; 2 Thompson on Negligence, 1053; *Cotton* v. *Wood*, 8 C. B. [N. S.] 568; 1 Thompson on Negligence, 364.) The measure of the master's duty is the care of a person of ordinary prudence in the management of his own concerns. (*Slater* v. *Jewett*, 85 N. Y. 61, 67; *Degraff* v. *R. R. Co.*, 76 id. 125; *Leonard* v. *Collins*, 70 id. 90, 93; *Northcoate* v. *Batcheler*, 111 Mass. 327; *Murray* v. *R. R. Co.*, 36 Am. Dec. 268, 284 note; *Locke* v. *Sioux City R. R. Co.*, 16 Am. Rep. 138; *Ballou* v. *R. R. Co.*, 5 Am. & Eng. R. R. Cas. 480.) The master is not bound to make use of the latest improvements in machinery, or to discard appliances that are old-fashioned. (*Wonder* v. *R. R. Co.*, 3 Am. Rep. 143, 144, 146; *Degraff* v. *R. R. Co.*, 76 N. Y. 125; affirming, 3 Thompson & Cook, 255; see pages 256, 257 of the last-mentioned report; *Smithson* v. *R. R. Co.*, 1 Am. & Eng. R. R. Cas. 101, 104, 107 and note; *Ft. W., etc., R. R. Co.* v. *Gilder-sleeve*, 33 Mich. 133; *Ind., etc., R. R. Co.* v. *Flannagan*, 77 Ill. 365; *Toledo, etc., R. R. Co.* v. *Asbury*, 84 id. 429; *Id.*

v. *Black*, 88 id. 412 ; *Salters* v. *D. & H. Canal Co.*, 3 Hun, 338 ; *Henry* v. *B. R. Co.*, 81 N. Y. 373 ; *Ladd* v. *R. R. Co.*, 119 Mass. 412.) The injury having resulted from an unforeseen and violent cause the master is not liable. (*Stringham* v. *Stewart*, 27 Hun, 562 ; Wood's Master and Servant, § 371 ; *Summerselle* v. *Fish*, 117 Mass. 312 ; *Harvey* v. *R. R. Co.*, 88 N. Y. 481.) The master is not bound to anticipate that his servants may at times be careless and to provide appliances which shall be strong enough to withstand the effect of such carelessness. (*Slater* v. *Jewett*, 85 N. Y. 61, 73 ; *Salters' Case*, 3 Hun, 338, 340 ; *Chapman* v. *R. R. Co.*, 55 N. Y. 579, 586 ; *Stringham's Case*, 27 Hun, 562.) The master is not chargeable with negligence, because the cars were not of even height, as he has the right to conduct his business in his own way, and is not restricted to any particular kind or shape of machinery. (*Fort Wayne., etc., Railroad Co.* v. *Gildersleeve*, 33 Mich. 133 ; *Toledo, etc., R. R. Co.* v. *Black*, 88 Ill. 112 ; *Muldowney* v. *R. R. Co.*, 39 Iowa, 615 ; *Hulett* v. *R. R. Co.*, 67 Mo. 239 ; *Smith* v. *Potter*, 2 Am. & Eng. R. R. Cas. 140.) If, however, it should be held that having two cars together in the train, the blocks of which did not match evenly, is negligence, the claim fails because the negligence which brought them together was that of a fellow-servant. (*Murray* v. *R. R. Co.*, 36 Am. Dec. 268 ; *Farwell* v. *R. R. Co.*, 4 Metc. 49 ; *Wright* v. *R. R. Co.*, 25 N. Y. 562 ; *Crispin* v. *Babbitt*, 81 id. 516, 520 ; *Fuller* v. *Jewett*, 80 id. 46, 52 ; *Booth* v. *R. R. Co.*, 73 id. 38 ; *Flike* v. *R. R. Co.*, 53 id. 549, 553 ; *Laning* v. *R. R. Co.*, 49 id. 521, 532, 533 ; *McCosker* v. *R. R. Co.*, 84 id. 77, 81, 82 ; *Hofnagle* v. *R. R. Co.*, 55 id. 608 ; *Slater* v. *Jewett*, 85 id. 61, 74 ; *Rose* v. *R. R. Co.*, 58 id. 217, 221 ; *Albro* v. *Canal Co.*, 6 Cush. 75 ; *Marvin* v. *Muller*, 25 Hun, 163 ; *Beilfus* v. *R. R. Co.*, 29 id 556.) The arrangement of cars in a train to run over the road is one of the matters of executive detail which must of necessity be intrusted to the servants for performance. (*Rose* v. *R. R. Co.*, 58 N. Y. 217 ; *Slater* v. *Jewett, supra ; Hodgkins* v. *R. R. Co.*, 119 Mass. 419 ; *McCosker* v. *R. R. Co., supra ; Besel* v. *R. R. Co.*, 70

N. Y. 171.; *Gibson* v. *R. R. Co.*, 22 Hun, 289.)   The collision was the result of the negligence of the servants who had the following train in charge, and for such an injury, thus caused, the master is not liable. (Wood's Master and Servant, 781, §§ 406, 426; id. 810; *Allen* v. *New. Gas. Co., supra; Sawyer* v. *R. R. Co.*, 27 Vt. 370; *Gibson* v. *R. R. Co.; Salters* v. *Canal Co., supra; Milwaukee* v. *R. R. Co.*, 4 Otto, 469, 475; *Parker* v. *City of Cohoes*, 10 Hun, 531; *Ryan* v. *R. R. Co.*, 35 N. Y. 210; *Ring* v. *City of Cohoes*, 77. id. 83, 90; *Hofnagle* v. *R. R. Co.*, 55 id. 608; *Tutein* v. *Hurley*, 98 Mass. 211; 2 Thompson on Negligence, 1089.)

DANFORTH, J.   This action was for damages for the wrongful act or neglect of the defendant, by which, as was alleged, the death of William F. Ellis, the intestate, was caused.   The admissions by the pleadings, with the evidence given on the trial, show that at the time of his death the decedent was in the employ of the defendant as a brakeman and engaged in the actual discharge of his duties in working and running over its road a train of freight cars.   This train had nearly reached its destination when another train of the defendant running in the same direction overtook it.   The intestate was then in the caboose at the rear of the freight train, and seeing that a collision was imminent he went from the front door of the caboose toward a coal dump or car to which the caboose was fastened, and had apparently reached the platform of the caboose when at that moment the second train ran against the caboose forcing its platform under the coal dump "so that," as the witness says, "the whole body of the coal dump went up on the caboose platform," and the decedent was caught between the ends of the two cars and crushed to death.   It was proven that each car was furnished with a buffing apparatus ten inches thick, but at such different elevations that instead of meeting to receive the concussion, they exposed to the blow only a surface of three-quarters of an inch and so overlapped each other, and were ineffectual for any useful or designed purpose.

On the part of the defendant it was claimed (1) that these

things were not evidence of negligence on its part ; (2) that the negligence, if any, was that of the person making up the train, whom it was said must be deemed a fellow-servant of the deceased ; (3) that the collision was the proximate cause of his death and resulted from the negligence of the persons in charge of the colliding train. The opinion of the trial judge was with the defendant, and he, therefore, dismissed the complaint. In this there was clear error.

It is no doubt settled in this State that an employe of a railroad company takes the natural risks of his employment, and among others the risk of injury resulting from the negligence of his fellow-servants. This rule, however, has no application if the company has at the same time disregarded its obligation to provide either a suitable road-bed or engines, cars, or other necessary appointments of the railroad, so that the injury is not entirely caused by the negligence of the fellow-servant, but in part at least is the result of that omission of duty. In such a case the negligence of the co-servant will not exonerate the company from the consequences of its own default. Here it was the duty of the defendant to provide a car properly fitted, not only with running apparatus, as wheels, stopping apparatus as a brake, but with buffers of some kind to protect the car and its servants, necessarily or lawfully, thereon from the effect of a collision. Ordinary and usual care in the equipment and running of a road requires this last appliance or some equivalent contrivance as much as it does either of the others. There was in effect no buffer nor any thing to take its place on the car upon which the intestate was employed. Upon the evidence it may be said that its absence was the proximate cause of injury. It was literally the *causa causans.* The immediate effect of its absence was to put the car in such condition that in case of collision at the rear its body must inevitably be impelled against the preceding car with a force to which it could offer no resistance. The death of the decedent was, therefore, caused by the omission of the defendant to place buffers where they belonged. For any useful or usual purpose

the ones in question might as well have been placed on the top or at the side of the car as where they were.

If we assume with the defendant that the persons in charge of the second train were negligent, or wrong-doers, still the primary and essential cause of the injury was the negligence of the defendant itself; and it is not competent for it to say that it is absolved from the consequences of its wrongful act by what those persons did. It is enough, however, if its fault or omission merely contributed to produce the injury complained of, or if it failed to exercise the care of an ordinarily prudent person, in supplying cars reasonably safe for the purposes for which they were required. In any aspect of the case there was evidence upon those questions which should have been submitted to the jury. (*Canfield* v. *B. & O. R. R. Co.*, 93 N. Y. 532; 45 Am. Rep. 268; *Dana* v. *N. Y. C. & H. R. R. R. Co.*, 92 N. Y. 639; *Sheehan* v. *Same*, 91 id. 332; *Durkin* v. *Sharp*, 88 id. 225; *Booth* v. *Boston & Albany R. R. Co.*, 73 id. 38; 29 Am. Rep. 97; *Plank* v. *N. Y. C. & H. R. R. R. Co.*, 60 N. Y. 607; *Flike* v. *Boston & Albany R. R. Co.*, 53 id. 550; 13 Am. Rep. 545.)

The argument on the part of the respondent presented the case of the defendant in many views, all resting, however, upon the assumption that, so far as the servant is concerned, the defendant has a right to manage its business in its own way, and with such means and appliances as best suit it. On the part of the appellant the qualification is added that such means and appliances shall be suitable and safe for the servant's use. The two propositions express the correct rule, and the cases cited by the learned counsel for the defendant can be satisfied with nothing less. In *De Graff* v. *N. Y. C. & H. R. R. R. Co.* (76 N. Y. 125) it is also said that the degree of vigilance required from a railroad corporation in this respect is measured by the dangers to be apprehended or avoided; and in *Salters* v. *D. & H. C. Co.* (3 Hun, 338) that the then defendant owed to the deceased, as its servant, the duty to place him under no risks from imperfect or inadequate machinery, or other material means or appliances known, or which, but for its negligence,

would have been known to it. These are the respondent's cases. Indeed, upon the point in issue the authorities in the courts of this State are all one way, and the principle on which they stand is adverse to defendant's contention. The law is very tolerant, but in the face of proof of injury from ill-contrived and unsafe machinery furnished for the servant's use it will indulge in no presumption that the master performed his duty, or that co-servants were negligent, and of neither of these circumstances was there any evidence. The case, therefore, was not well disposed of at the trial term.

It follows that the judgment appealed from should be reversed and a new trial granted, with costs to abide the event.

All concur.

Ordered accordingly.