THE CHICAGO, IOWA & DAKOTA R'Y CO. v. THE CEDAR RAPIDS, IOWA FALLS & NORTHWESTERN R'Y CO. ET AL.

1. **Demurrer to Answer:** GOOD AS TO PART BUT BAD AS TO WHOLE: IMPROPERLY SUSTAINED. The demurrer to the answer in this case, being to the whole answer, which raised issues which should have been submitted to the jury, was improperly sustained.

2. **Contract in Several Parts:** ALL PARTS CONSTRUED TOGETHER. Where a mortgage was but the execution of part of a contemporaneous written agreement, the mortgage and agreement must be construed together to arrive at the true intention of the parties.

*Appeal from Hardin Circuit Court*

FRIDAY, OCTOBER 23.

THIS action involves the title to an uncompleted line of railroad located between Forest City, in Winnebago county, and Belmond, in Wright county. There was a demurrer to the answer, which was sustained, and defendants appeal.

*S. K. Tracy,* for appellants.

*John Porter,* for appellee.

ROTHROCK, J.—The Iowa & Minnesota Railroad Company was organized in 1874, for the purpose of building a railroad from Forest City to Belmond.   After procuring the right of way for part of the distance, and doing considerable grading on the line, said company ceased to prosecute the enterprise. In 1881 the Forest City Southern Railway Company was organized for the purpose of constructing a line of railroad between the said points.   On the fourth day of June, 1881, the Iowa & Minnesota Railroad Company, by two instruments in writing, one of which was in the nature of a written agreement, and the other in the form of a deed of conveyance, sold all of its right of way, grading and franchise in said uncompleted line of railroad to said Forest City Southern Railway Company.  The consideration agreed to be paid for the conveyance was $5,000, which was to become due on the first day June, 1883.   The written agreement provided in substance that the Forest City Southern Railroad Company should carry out the contract of sale and the terms of the written agreement, and should execute a mortgage for the purchase money to the Iowa & Minnesota Railroad Company, which should be recorded in the several counties through which the line of road passed.   It was further stipulated that the Forest City Southern Railroad Company should condemn the right of way over said line within ninety days from July 1, 1881, and take possession of said grade, and do the necessary work on the same to secure the line against any other railroad company, and to keep the property free and clear from any mechanics' liens or other incumbrances thereon, so that the mortgage for $5,000 should be the first lien upon the property.   Said written agreement further provided as follows:

"(6) It is further agreed between said parties hereto that in case the five thousand dollars ($5,000) should not be paid by the first day of June, 1883, without interest, as aforesaid, then and in that case the said Forest City Southern Railway Company shall make, acknowledge, execute and

deliver to the said Iowa & Minnesota Railroad Company, or to such person or company as that company may designate, a deed of conveyance, which shall convey to said Iowa & Minnesota Railroad Company, or such person or company as may be so designated, as aforesaid, the said property herein sold to the said Forest City Southern Railway Company, together with the additional improvements thereon that said company may put upon said property, together with the right of way which• shall be hereafter procured over said line, which shall include all the line over which and wherever the same has been procured by the Iowa & Minnesota Railroad Company between Belmond and Forest City, together with all the improvements and additions to said property, between the points designated, in Wright, Hancock and Winnebago counties, in the state of Iowa, which said conveyance shall convey said property, and all the rights and franchises, clear from any and all liens and incumbrances of every kind and character made or permitted by said Forest City Southern Railway Company in violation of the terms of this contract.

"(7) It is further agreed that the last division of this contract is subject to this condition: That in case said second party should desire to pay the said sum of five thousand dollars ($5,000) rather than make said reconveyance, if not before paid, it may have the privilege of so doing by giving sixty days' notice before the first day of June, 1883, in writing, of such desire to J. F. Duncombe, the president of said Iowa & Minnesota Railroad Company, or his successor in office.

"(7) It is further expressly agreed between the parties hereto that the failure to give said notice within sixty days named shall make the sixth division of this contract binding, and if the notice is given, and the five thousand dollars ($5,000) is not paid by the first day of June, 1883, then, and in either case, said division shall be binding, and said first party may have a strict foreclosure of said mortgage, and have the equity of redemption cut off by a decree of court, or said

OCTOBER TERM, 1885. 327

Chicago, Iowa & Dakota R'y Co. v. Cedar Rapids, Iowa Falls & N-W. R'y Co.

first party may enforce in equity the making of said deed provided for in said sixth division of this contract, at the option of the first party hereto, or said first party may have such other relief in the premises as the laws or equity can give.

"(9) If said first party should prefer to extend the time beyond June 1, 1883, if the money shall not be before paid, or if the deed shall not be then made, so that the said mortgage shall be in either case satisfied, it may do so, but in that event the sum of five thousand dollars ($5,000) shall draw interest at the rate of ten per cent per annum, payable annually; but at any time thereafter said first party may end the time so extended by giving sixty days' notice in writing, so that the provisions of this contract would apply at the end of the time of said extension the same as on the first day of June, 1883, except as to accumulated interest."

The deed conveyed all the right, title, interest and property which the Iowa & Minnesota Railroad Company had in the road-bed, right of way, grading and bridging on the line between the two points above named. The mortgage given to secure the payment of the purchase money contained these provisions: "Provided always, and these presents are on the express condition, that if the said Forest City Railway Company shall perform each and every of the covenants contained in the written contract dated the fourth day of June, 1881, made between the parties hereto at the time and in the manner therein designated, and shall pay the money at the time and in the manner therein provided, or, on a failure to pay the same, shall execute the deed therein required, conveying the property therein agreed to be conveyed, and in every other particular shall comply with the terms, conditions and requirements of said contract at the time and in the manner therein provided, then and in that case the above and foregoing conveyance to be void, otherwise to remain in full force and effect; but if default should be made in the payment of the sum of money as therein provided, at the

328 SUPREME COURT OF IOWA,

Chicago, Iowa & Dakota R'y Co. v. Cedar Rapids, Iowa Falls & N-W. R'y Co.

time therein provided, or if the first party shall fail to proceed to secure the right of way as therein provided, within the time as therein provided, or shall fail to take and hold possession of said property in the manner and form therein provided, or shall fail to perform any covenant contained in said contract between said parties within the time and in the manner provided therein, then the said second party shall have the right forthwith to proceed by strict foreclosure, or by any other lawful mode, to enforce said contract and the mortgage, or collect the money therein provided, together with all the interest and costs, at the option of the said second party."

On the twenty-eighth day of April, 1882, the name of the Forest City Southern Railroad Company was changed to that of the Chicago, Iowa & Dakota Railroad Company, the plaintiff herein. The $5,000 of purchase money has not been paid. The plaintiff alleges in its petition that it took possession of the road, condemned right of way, and was proceeding to complete the said line in compliance with its contract, and that on the nineteenth day of November, 1883, for the purpose of terminating any further extension of the time of payment of the $5,000 purchase money, the Iowa & Minnesota Railroad Company, by its proper officer, served notice on the Chicago, Iowa & Dakota Railroad Company, requiring payment to be made within sixty days thereafter; and that on the fifteenth day of January, 1884, the plaintiff tendered and offered to said defendants the full amount of the principal and interest due on said mortgage, and that the tender was refused. The petition charges that the defendants have acquired the interest of the Iowa & Minnesota Railroad Company in said mortgage, and have wrongfully taken possession of the line of road to the great damage of the plaintiff. Damages in the sum of $300,000 are demanded, and it is prayed that the defendants be restrained from in any manner interfering with or entering upon any part of the grade, road-bed or right of way.

The defendants in their answer deny that the plaintiff has in any manner complied with its contract, and allege that the plaintiff ceased to work on said contemplated line of road, and for years has never done any work thereon, and has abandoned said project, and refused to carry out the wishes of the public in voting taxes and giving aid for the construction of said railway, and that the plaintiff has no right to use, occupy or control any part of said road, because it failed to pay said $5,000 purchase money by the first day of June, 1883; that it was agreed in said contract and mortgage that if the said purchase money was not paid when due, the said Forest City Southern Railroad Company should reconvey, by a proper deed, to the Iowa & Minnesota Railroad Company, or to such person or company as it should direct, all the property, rights and improvements made on said line between Belmond and Forest City, free from any and all liens and incumbrances made by the said Forest City Southern Railway Company; and that on the nineteenth day of November, 1883, the Iowa & Minnesota Railroad Company declared the rights of the plaintiff to the property forfeited, and on said last date demanded a reconveyance of the same.

The answer further avers that on the twenty-first of November, 1883, the said Iowa & Minnesota Railway Company made and delivered to one of the defendants a deed of conveyance of all of said property, and that thereunder said defendant was in possession and subrogated to all the rights of the vendor in said property. It is expressly denied in the answer that any extension of the time of payment of the purchase money was at any time given by any act of the Iowa & Minnesota Railroad Company. The defendant prays that the plaintiff may be ordered and decreed to reconvey all said right of way, road-bed and improvements on said line to the defendants, and that all right and claim of the plaintiff thereto be declared null and void.

It is exceedingly doubtful whether the demurrer should have been entertained by the court. There is but one defense

Chicago, Iowa & Dakota R'y Co. v. Cedar Rapids, Iowa Falls & N-W. R'y Co.

**1. DEMURRER to answer: good as to part but bad as to whole: improperly sustained.** set up in the answer. It consists of explicit denials of certain averments of the petition, and averments of other facts; and upon these denials and averments the defendants claim that the plaintiff has no right to the property, and demand a conveyance of it to the defendants. It is not a case of a demurrer to one of two distinct and independent defenses set up in one count of the answer, as in *Wright v. Connor*, 34 Iowa, 240. In the language of the demurrer, it assails that part of the answer which is in the nature of a cross-petition asking affirmative relief, and which asks that plaintiffs be required to make a deed of conveyance of the property in controversy. The affirmative relief demanded is based wholly upon the denials of the answer, and the averments of fact therein contained. It is averred in the answer that the plaintiff abandoned the line of road, and suffered a forfeiture of all its rights, by failing to pay the purchase money.

These averments must be taken as true upon demurrer. What the plaintiff seeks to have determined by the demurrer **2. CONTRACT in several parts: all parts construed together.** is that time is not the essence of the written agreement and mortgage. This proposition, we think, is correct. Both instruments must be construed together. They are parts of the same transaction, and by their terms time is not of their essence. Indeed, it appears that such was not the intention of the parties. The plaintiff did not forfeit all right under the conveyance made to it by merely failing to pay the purchase money when it became due; but if it abandoned the line, or forfeited its rights for any other reason, it is in no position to demand that the defendant shall take up its railroad track, and cease to operate the road. These questions should be determined upon a trial of the cause. They cannot be properly determined by demurring to a part of the answer.

REVERSED.