## The St. Louis Bridge Company v. Sarah E. Fellows, Administratrix of the Estate of Cyrus E. Fellows, Deceased.

1. NEGLIGENCE—*In Constructing Railroad Curves.*—It is negligence on the part of a railroad company to construct its track upon a curve without elevating the outside or depressing the inside track.

2. NOTICE—*Frequency of Accidents, When, etc.*—The fact that accidents are of frequent occurrence, by reason of a particular construction of a railroad track, is notice to the company that the track is in some way defective, and imposes a duty on the company to take steps to remedy the defect.

3. RAILROAD COMPANIES—*Duty in Constructing Tracks.*—The duty rests on a railroad company to exercise great care and a high degree of skill to make its track reasonably safe for the service to which it is to be applied, and such duty relates not only to passengers, but to servants or others who may be lawfully upon the road; this legal obligation does not impose the duty of providing an absolutely safe track or machinery; it is sufficient, if it is reasonably safe.

**Memorandum.**—Action for personal injuries. Appeal from the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding. Heard in this court at the August term, 1893, and affirmed. Opinion filed March 23, 1894.

The statement of facts is contained in the opinion of the court.

*Plaintiff's instruction, the giving of which is assigned for error:*

The court instructs the jury that a railroad company is bound to exercise reasonable care to furnish safe machinery, road-bed, track and switches connected therewith; and that a person entering its employment has a right to presume that the company has discharged its duty in this behalf; and if the jury believe from the evidence that the road-bed and track and switch of the defendants, at the place and time of the injury

St. Louis Bridge Co. v. Fellows.

in question, were not properly constructed, and were unsafe for the purposes for which they were used by the defendants, and that the defendants had notice thereof before the injury, or by the exercise of reasonable care and diligence might have had notice thereof before said injury, and negligently failed to use ordinary care to make them reasonably safe, and that by reason thereof the deceased, Cyrus E. Fellows, without notice of such unsafe condition of said track and switch, while in discharge of his duty, with due care and caution, was, without fault, then and there injured, from which injury he, on the evening of the same day, died, and the plaintiff and next of kin have sustained pecuniary loss in their means of support, then the jury will find for the plaintiff, and assess her damages at such sum as they believe from the evidence to be just compensation for the pecuniary loss so sustained, not, however, to exceed $5,000.

Appellant's Brief, G. & G. A. Koerner, Attorneys.

The extent of the legal duty of the defendant in the premises, was to use ordinary care to provide a track that was reasonably safe and fit for the purpose it was intended to serve. Cooley on Torts, 557; Camp Point Mfg. Co. v. Ballou, 71 Ill. 417; Chicago, R. I. & P. R. R. v. Lonergan, 118 Ill. 41; Con. Coal Co. v. Bonner, 43 Ill. App. 23; L. S. & M. S. R. R. v. McCormick, 74 Ind. 447; Payne v. Reese, 100 Pa. St. 306; Howd v. M. C. R. R. Co., 50 Miss. 178; King v. B. & W. R. R. Co., 9 Cush, 112; Samman v. R. R., 62 N. Y. 251; Friel v. Ry. Co. (Mo.), 22 S. W. Rep. 498; Potts v. P. C. & D. R. R., 2 L. T. (N. S.) 283.

Appellee's Brief, Jesse M. Freels and Wm. P. Launtz, Attorneys.

Sweeney, their track foreman, says he "constructed this track" about two years before, and that he "did not give the outside rail any elevation," and that no double or second rail was placed there to take the place of elevation on this curve; this track was thus dangerously defective in its construction; and the defendants had notice of these defects in their track, which were defects in construction, two years before the time of the injury, and were guilty of gross negligence in failing to remove them and make the track safe; and appellant having thus negligently failed to take

any steps to make this track safe, is liable for this injury, caused by its negligence. Chicago, B. & Q. R. R. Co. v. Gregory, 58 Ill. 273; Whalen v. I. & St. L. R. R. and Coal Co., 16 Brad. 324; Chicago & I. R. R. Co. v. Russell, 91 Ill. 298; Ill. Cent. R. R. Co. v. Welch, 52 Ill. 183; Chicago & A. R. R. Co. v. Johnson, 116 Ill. 206; T., P. & W. Ry. Co. v. Conroy, 68 Ill. 561; North Pac. R. R. Co. v. Herbert, 116 U. S. 647; Chicago & N. W. Ry. Co. v. Swett, 45 Ill. 201; Wisconsin Cent. R. Co. v. Ross, 142 Ill. 9.

The instruction complained of presents the case fully and fairly under the law and the evidence, and as favorable to defendants as they could reasonably ask. It is the law. Chicago & N. W. Ry. Co. v. Swett, 45 Ill. 201; Chicago, B. & Q. R. Co. v. Gregory, 58 Ill. 284; Chicago & E. I. R. Co. v. Hines, 132 Ill. 168; Wis. Cen. R. Co. v. Ross, 142 Ill. 11; Whalen v. I. & St. L. R. & Coal Co., 16 Brad. 323; Ill. Cent. R. Co. v. Welch, 52 Ill. 186; Chicago & I. R. Co. v. Russell, 91 Ill. 303; Toledo, P. & W. Ry. Co. v. Conroy, 68 Ill. 561; U. S. Rolling Stock Co. v. Wilder, 116 Ill. 109.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

Cyrus E. Fellows, appellee's intestate, was employed by appellant as a switchman, to work in its switch yard at East St. Louis, and, as averred in the declaration, on the 24th day of August, 1886, while in the performance of his duty with all due care, riding on the foot-board of a switch engine then being run or driven over a side or switch track in said yard, the said engine jumped the track at a curve therein, because of its improper construction, in that the outer rail was not elevated, by reason whereof deceased was forced to jump, or was thrown from the foot-board with such violence that he received injuries causing his death.

This suit was brought for the benefit of the next of kin, who, it is alleged, were deprived of their means of support by his death. There have been several trials of the case, resulting in favor of the appellee except in the one preceding this, wherein the jury found in favor of appellant under an instruction of the trial court so to do, upon which judg-

St. Louis Bridge Co. v. Fellows.

ment was rendered, which was reversed by this court for error in giving such instruction.

The court in its opinion then said " there was evidence, uncontradicted, tending to prove the negligence charged, and which the plaintiff was entitled to have considered by the jury. Counsel for appellees, in their printed brief, have referred to the opinion filed in this cause, and appearing in 39 Ill. App. 456, as decisive of the case now presented, and insist, if the views therein expressed are adhered to by this court, an affirmance of the judgment must result. It is sufficient, in reply to this suggestion, to say, in this record much additional evidence appears on behalf of plaintiff to support the charge that the track was not safely and properly constructed, not appearing in the former record."

The same opinion is again printed in the appellant's brief and the position taken that the evidence, in this record, is substantially the same as that upon which the said opinion was based. While it is true that the evidence is of the same general tenor as before, yet we believe that the evidence of the plaintiff was much strengthened at the subsequent trial.

It is not disputed that Fellows, at the time of his injury resulting in death, was in the strict performance of duty in riding on the footboard of the engine, and that he was observing due and proper care for his own safety. There is no question of contributory negligence in the case.

The sole issue of fact is, was the appellant negligent in the construction and maintenance of its track?

It is admitted there was a curve in the track, of about fourteen degrees, where the engine jumped it, and that the outer rail was not elevated nor the inner one depressed. In other words, the track on that curve was constructed flat.

The evidence clearly shows a curved track should not be so constructed, if it can be avoided. It also shows that such construction was the cause of the engine, on which the deceased was riding at the time of the accident, leaving the track. No other cause is assigned. Other engines and cars jumped that track before and after this accident near the

same place. Bennett, appellant's switchman, testified that to his knowledge two engines had jumped off there; Coomer, that he had helped put an engine on there. The engine causing the accident, when placed back on the track, when started again, climbed the rail at the same place. The engine was in good order. Haker, another switchman, testified that two cars got off the track near that place a day or so before the accident. Assuming that the appellant had in the first place employed a competent and skillful man to construct this and the other tracks in that switch yard, certainly these frequent accidents gave notice that this track, for the purpose to which it was applied, was in some way defective, which imposed the duty on appellant to take steps to remedy the defect. The general theory of construction, at the time, may have been practical for the use of ordinary engines, but the evidence impresses the mind that this flat track, with a fourteen degree curve, was not suitable for possibly larger and longer engines and cars than the ordinary. The engine on the footboard of which Fellows was riding was a six wheeler and weighed 73,300 pounds. The length of the engine and tender was sixty feet, as sworn to by one of the appellant's witnesses. Whether the various displacements on this track are to be attributable to this cause or not, there necessarily must have been some ascertainable cause.

The jury found it was the want of proper construction. The evidence shows a slight elevation of the outer rail or like depression of the inner rail, would have made the track reasonably safe. While there is a conflict of evidence as to its practicability, yet with the curve all one way, apparently competent civil engineers affirm it could readily and should have been done. As one testified, not to do so was to sacrifice safety to convenience. The duty rested on the company to exercise great care and a high degree of skill to make its track reasonably safe for the dangerous service to which it was applied. C., B. & Q..R. R. Co. v. Gregory, 58 Ill. 284; Wis. Cent. R. R. Co. v. Ross, 142 Ill. 14. Considering the dangerous service, it was held in the case of C. &

A. R. R. Co. v. Shannon, 43 Ill. 345, that the railroad company was required to exercise the highest degree of vigilance.

In the C. & N. W. R. R. Co. v. Swett, Adm., 45 Ill. 203, it was held that such duty related not only to passengers, but to servants or others who might be lawfully upon the road.

This legal obligation does not impose the duty of providing an absolutely safe track or machinery. It is sufficient if it is reasonably safe. C., R. I. & P. R. R. Co. v. Lonergan, 118 Ill. 49. In this case it is said the law imposes the obligation on the company to use reasonable and ordinary care and diligence to so provide its servants. This language is not inconsistent with that used in the Shannon and Gregory cases, *supra*. The result to be attained is reasonable safety, considering the consequences of a failure therein.

The care and skill required by law must measure up to that standard, whatever may be the degree. Our conclusion is that there was evidence before the jury justifying the finding that the track at the place of the accident was not reasonably safe, and that the appellant had not exercised that ordinary care and skill that should pertain to such work to make it so.

The court gave one instruction for appellee, which counsel for appellant say, "While it may contain a correct abstract proposition of law, it misled the jury because there was no evidence to base it on." It is subject to some criticism, but not that made by counsel, if our conclusion upon the evidence is correct. When the entire instruction is considered, especially in connection with those given for appellant, it could not have misled the jury as to the duty imposed by law upon appellant. There being no material error in the record affecting the merits of the case, the judgment is affirmed.