WILLIAM F. GORDON, Appellant, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellee.

**Pleadings:** AMENDMENTS: LIMITATION OF ACTIONS. Where the original cause of action is not barred, an amendment, which introduces no new cause of action but merely amplifies the charge made or states new specifications germane thereto, will be sustained regardless of the statute of limitations.

**Same.** Where the original petition charged that an injury resulted from the negligent construction of a railroad so that there was a sharp depression in the track, an amendment alleging that defendant negligently permitted the track to become out of repair, rough and uneven, introduced no new cause of action.

**Negligence:** PLEADINGS. A petition alleging negligence of the master and its co-operation with the negligence of employés, will authorize a recovery for injuries to a fellow servant.

**Railroads:** MANNER OF CONSTRUCTION: CONSIDERATION BY JURY. In an action for injuries to a trainman alleged to have resulted from the negligent construction of the track, the jury may consider the manner of its construction although it involves questions of engineering and mechanical skill.

**Negligence:** PROXIMATE CAUSE: PLEADINGS. A petition alleging negligence in the construction of a roadbed and in the car couplings used, whereby the train became uncoupled and in a collision of the sections plaintiff was injured, sufficiently charged the negligence of defendant to have been the proximate cause of the injury.

**Demurrer.** Where a petition contains but one count, a demurrer should be addressed to the entire pleading and not to certain allegations therein; and if the pleading as a whole states a cause of action the demurrer should be overruled regardless of the redundant or immaterial matter pointed out.

*Appeal from Polk District Court.*— HON. C. P. HOLMES, Judge.

FRIDAY, FEBRUARY 16, 1906.

ACTION at law to recover damages for a personal injury. Judgment for defendant upon demurrer to petition. Plaintiff appeals.— *Reversed.*

*Wm. G. Clark,* for appellant

*Carroll Wright,* for appellee.

WEAVER, J.— The appellant was a brakeman in defendant's service, and at the time of his injury was employed upon a freight train operated over the defendant's road in Indian Territory. On the 20th of January, 1898, as the train was nearing the station at the town of Minco, the coupling between two of the cars accidentally separated without attracting the attention of the trainmen, and the forward section of the train moved on to the station, where a stop was made for water. While appellant, who had been riding on the engine, was assisting in drawing the water, the rear section of the train, moving down the grade, collided with the standing cars. In this collision appellant's leg was crushed, necessitating amputation. This action for damages on account of such injury was begun April 19, 1899. The original petition, with some amendments thereto, having been superseded, need not be more particularly referred to. On November 13, 1899, a substituted pleading was filed, alleging that appellant's said injury was caused by defendant's negligence.

The charge of negligence was in a single count, but was based principally on two grounds, as follows: (1) That the defendant's road was negligently constructed, in that a sharp depression was made in the track so that freight trains passing over it were liable to become uncoupled, and that the danger thus created was greatly increased by operating such trains at that point at a high rate of speed, of

all which defendant had notice; and (2) that frequent in-
spection of a freight train, and vigilance in keeping lookout
to prevent accident and injury from the uncoupling of cars
moving over a road so constructed, were necessary to main-
tain such train in condition to afford a reasonably safe
place to work, and although, by defendant's rules, the con-
ductor and engineer were required to see that this duty was
performed, they negligently failed so to do. This pleading
was followed, October 19, 1900, by another substitute, re-
stating in substance the two grounds of negligence afore-
said, and further alleging that defendant negligently failed
to provide or enforce rules limiting the speed of trains as
was reasonably necessary at the place in question, and negli-
gently equipped its train with a coupler so defectively
made and devised as to be liable to become uncoupled when
the train was passing over changes of grade in the roadbed.

To parts of this petition defendant demurred as fol-
lows:  (1) To the allegation of negligence on part of the con-
ductor, engineer, and trainmen, because such persons were
the fellow servants of appellant, and defendant is not liable
to him for injuries so received.  (2) To the allegation as
to a depression in the track, because the question whether
the road should have been built on a different grade cannot
be inquired into in this action, and it does not appear that
such depression was the proximate cause of plaintiff's in-
jury, nor does it appear that defendant or its em-
ployés had any knowledge that the train separated at said
depression in the track.  (3) To the allegation as to a de-
fective device for coupling and the allegation as to failure
to provide a rule or regulation limiting the rate of train
speed, because, in each instance, it appears from the peti-
tion that such alleged negligence was not the proximate
cause of plaintiff's injury.  Before the demurrer was ruled
upon plaintiff filed an amendment to his substituted peti-
tion, alleging that defendant had negligently permitted its
track at the place in question to become out of repair,

rough, and uneven, with sudden and great inequalities; thus causing the uncoupling of the train on which plaintiff was employed. This amendment was also demurred to by defendant on the ground that it sets up a new and distinct ground of alleged negligence, and that plaintiff's right of action upon such ground is barred by the statute of limitations. The demurrers to the petition and to the amendment were each sustained; and, plaintiff declining further to amend and electing to stand on his pleadings as made, judgment was entered in favor of defendant for costs.

I. As we hold, for reasons hereinafter stated, that the amended and substituted petition states a good cause of action irrespective of the amendment, it is unnecessary for us

1. PLEADINGS: amendments: limitation of actions.

to dwell particularly upon the question raised by the demurrer to the latter. It is conceded that, if an amendment made to a petition states a new and independent cause of action, it is to be treated as the commencement of a new suit, and, if the period of limitation upon such causes of action has intervened, the amendment is demurrable. *Box v. Railroad Co.,* 107 Iowa, 660. If, however, the new matter pleaded does not state a new cause of action, but merely amplifies the charge made in the prior pleading, or states new grounds or specifications germane to such charges or allegations, the amendment may be upheld without regard to the statute of limitations. *Kuhns v. Railroad Co.,* 76 Iowa, 67; *Cobb v. Railroad Co.,* 38 Iowa, 627; *Williamson v. Railroad Co.,* 84 Iowa, 583; *Van Patten v. Waugh,* 122 Iowa, 302; *Thayer v. Coal Co.,* 129 Iowa, 550.

The propriety and soundness of the rule is self-evident, and the only trouble to be found respecting it is in determining with accuracy in all cases whether a given

2. SAME.

amendment does, in fact, present a new cause of action, or is, at most, an amplification of the original pleading. In most cases the distinction is too apparent to cause hesitation in the mind of the court or

lawyer, but others are of the border line class, and it is not always easy to distinguish between cases which the courts have placed on opposite sides of the line. For instance, the writer finds much difficulty in reconciling the application made of the rule to the facts in the Box Case with the application made in the Kuhn Case, but there is no inconsistency in the propositions of law affirmed in the two opinions. On the contrary, the court in the later case distinctly recognizes and accepts the former as authoritative, but finds that the new averments in the amendment then under consideration amounted to the statement of another cause of action. Various tests to determine whether the matter averred in an amendment does constitute a new cause of action have been suggested in the opinions hereinbefore cited, and to these we may add another, which suggests itself to us as one by which the true nature of the allegation may generally be developed.

Our statute provides (Code, section 3559) that, where a petition includes more than one cause of action, each shall be stated in a separate count, which shall be complete in itself, and it is a matter of every day practice to require a pleader who fails to observe this provision and combines two or more causes in a single count to amend and state them separately. Now, if the plaintiff in the instant case in his original petition had alleged in a single count that the railway track was in an unsafe and dangerous condition by reason of a sharp depression or excessive unevenness or roughness therein, and that such condition was the result of the negligence of the defendant in the construction of the road and in failing to keep the same in repair, we think no one would contend that such an allegation would be objectionable as embracing two causes of action in one statement, and no court would sustain a motion to require the allegations as to negligence in construction and negligence in failure to repair to be stated in separate counts. Negligence in itself constitutes no cause of action.

The cause of action which the present plaintiff asserts is an alleged personal injury, occasioned, as he claims, by a defective condition in defendant's railway track, which condition was produced or brought about by the defendant's negligence. Statement of the specific acts or facts constituting the alleged negligence by which injury has been occasioned is never necessary to the statement of a cause of action. *Grinde v. Railroad Co.*, 42 Iowa, 376; *Scott v. Hogan,* 72 Iowa, 614; 14 Encyc. Pl. & Pr. 333. In other words, a petition which charges that an act was negligently done, to the plaintiff's injury, is not demurrable, but, as a matter of justice to the defendant, that he may be able to anticipate the nature of the evidence, he will be required to meet and to properly prepare his defense, the practice now prevails, at least in many cases, to require the plaintiff, upon motion of the defendant, to specify with reasonable precision the facts which he expects to prove in support of the ultimate alleged fact of negligence. This is, in a sense, as said by us in the Grinde Case, a pleading of the evidence rather than of the ultimate issuable facts, but is permissible in the interest of directness and certainty. If, therefore, the plaintiff had in this case alleged that defendant had negligently permitted a certain dangerous defect to be and remain in its roadbed, whereby plaintiff, without fault on his part, had been injured, he would have stated all that was necessary to constitute a cause of action. He was not required, save in response to a demand for more specific statement, to allege whether the defect was one in the construction of the road or in failing to repair, and if, on a motion to that effect, he had amended his pleading, specifying negligence in construction and negligence in maintenance, it could not be said to be the statement of another cause of action. See 6 Thompson's Negligence, section 7467. If this be true, and we see no way to avoid the conclusion, then the amendment to which the demurrer was sustained was not vulnerable to the objection that it stated

a new cause of action, and its effect was only to make a more specific statement of the facts which he proposed to prove in support of the charge originally made.

II.   The place of appellant's injury being in the Indian Territory, it is conceded that, under the rule of law there prevailing, the conductor and engineer of the train

**3. NEGLIGENCE: Pleadings.** were not, by virtue of their superior position or superior authority, vice principals of the defendant, and that for injuries resulting to appellant from their negligence alone defendant would not be liable.   If, therefore, the amended and substituted petition is to be construed as basing appellant's right of recovery solely upon the alleged negligence of the conductor and engineer, then the demurrer was properly sustained.   But such does not seem to be the position assumed by the appellant.   He goes farther, and pleads negligence of the employer in the equipment of the train with a defective coupling device, also in the construction and maintenance of the road, and in failing to adopt and enforce reasonable rules and regulations limiting the speed of its freight trains over the road so defectively constructed.   Taking all these allegations together, the pleading in legal effect charges negligence of the master in relation to duties which cannot be avoided by delegation to another, and avers that such negligence, combined with the negligence of certain fellow servants, was the efficient cause of the accident in which plaintiff received his injury.   That a right of recovery exists in favor of a servant against the master whose negligence combines or co-operates with the negligence of a fellow servant, to his injury, is too well established for controversy.   *Grand Trunk Ry. v. Cummings,* 106 U. S. 700, (1 Sup Ct. 493, 27 L. Ed. 266); *Fisk v. Railroad,* 72 Cal. 38 (13 Pac. Rep. 144, 1 Am. St. Rep. 22); *Hunn v. Railroad,* 78 Mich. 513, (44 N. W. Rep. 502, 7 L. R. A. 500); *Stetler v. Railroad,* 46 Wis. 497, (1 N. W. Rep. 112); *Ellis v. Railroad,* 95 N. Y. 546; *Pullman v. Laack,* 143 Ill. 242, (32 N. E. Rep. 285, 18 L. R.

A. 215); *Smith v. Railroad* (C. C.), 18 Fed. Rep. 304; *Elmer v. Locke,* 135 Mass. 575. It follows that the allega-tion was not demurrable as failing to state a cause of action.

III. The petition, as we have seen, alleges in sub-stance that defendant's road was negligently constructed and maintained with a sharp depression in the track near the town of Minco, and that freight trains in pass-ing over this depression, especially when mov-ing at a high rate of speed, were liable to become uncoupled. It is further alleged that the train was equipped with a coupling so defectively made and devised as to be liable to become separated in descend-ing to the foot of a steep grade, and that by reason of such negligence, combined with the speed of the train and the failure of the defendant to make and enforce rules for regu-lation of such speed, plaintiff's train became uncoupled in passing over the defective track, resulting in the collision and injury of which mention has been made. Assuming the truth of these statements, as we must, in considering this demurrer, we think they reveal a good cause of ac-tion. We cannot give our assent to the proposition ad-vanced by appellee, that in actions of this nature the con-struction of the road cannot be questioned, or that " it will not do to allow juries to inquire into questions of this char-acter." The only authority cited in support of the point thus made is *Tuttle v. Railroad,* 122 U. S. 189, (7 Sup. Ct. 1166, 30 L. Ed. 1114). In that case the majority opinion contains a few sentences which, standing alone, would ap-pear to be in harmony with appellee's view of the law, but a reading of the entire opinion discloses that the employé who was there seeking a recovery of damages had entered into and remained in the company's service with full knowl-edge of the defective track on and about which he worked, and was therefore held to have assumed the risk of injury therefrom. Such being the case, the language quoted by ap-

*4. RAILROADS: manner of con-struction: con-sideration by jury.*

pellee herein may be considered *dictum.* Moreover, the defect there complained of was in the construction of a side track, and according to many authorities railroad companies are not held to the same degree of care in respect to such tracks as they are in respect to main tracks. *O'Donnell v. Railroad,* 89 Mich. 174, (50 N. W. Rep. 801).

Certain it is, the courts with practical unanimity hold that railroad companies constitute no exception to the general rule which requires the employer to furnish his employé a reasonably safe place to work, and that the application of such rule extends to the roadbed and safety of the track over which trainmen are required to operate their trains. If inquiry into the construction of the road cannot be made by a jury because it may involve questions of engineering or mechanics or scientific or expert discussion, then, for equally good reason, can inquiry into the reasonable safety of the place of work be suppressed in substantially every action brought by servant against master. *Smith v. Railroad* (C. C.), 18 Fed. Rep. 304; *Penn. Co. v. McCormack,* 131 Ind. 250, (30 N. E. Rep. 27); *Pahlan v. Railroad,* 122 Mich. 232, (81 N. W. Rep. 103); *Lake Erie Railroad v. Morrisey,* 177 Ill. 376, (52 N. E. Rep. 299); *Stoher v. Railroad* (Mo. Sup.), 4 S. W. Rep. 389; *St. Louis Railroad v. Irwin,* 37 Kan. 701, (16 Pac. Rep. 146, 1 Am. St. Rep. 266); *Chicago, etc., Railroad v. Swett,* 45 Ill. 197 (92 Am. Dec. 206); *Houston, etc., Railroad v. Oram,* 49 Tex. 341; *C. M. R. R. v. Naylon,* 17 Colo. 501, (30 Pac. Rep. 249; 31 Am. St. Rep. 335); *Meloy v. Railroad,* 77 Iowa, 746; *Bryce v. Railroad,* 103 Iowa, 665; *Chicago, etc., R. v. Eaton,* 194 Ill. 441, 62 N. E. Rep. 784; *C. G. & W. R. v. Price,* 97 Fed. Rep. 423, (38 C. C. A. 239); *Patton v. Railroad,* 82 Fed. Rep. 979, (27 C. C. A. 287); *Paulmier v. Railroad,* 34 N. J. Law, 151; *Elmer v. Locke,* 135 Mass. 575; *U. P. Ry. v. O'Brien,* 49 Fed. Rep. 538, (1 C. C. A. 354, 4 U. S. App. 221), affirmed on appeal, 161 U. S. 451,

(16 Sup. Ct. 618, 40 L. Ed. 766); *St. Louis Br. Co. v. Fellows,* 52 Ill. App. 504.

The further point made in the demurrer, that the petition fails to show that the alleged negligence of the defendant was the proximate cause of appellant's injury, and that it

5. NEGLIGENCE: proximate cause: pleadings.

shows such alleged negligence was not the proximate cause of the injury, is not well taken. It is averred, as we have already noted, that by reason of defendants failure to exercise due care in the matters pleaded the train became uncoupled, and the separated sections were brought into collision, resulting in appellant's injury. In these averments we find the alleged cause and the alleged effect, and their sequence is not so clearly impossible or unnatural that we can say they do not present a cause of action.

IV. It may be remarked that the demurrer is objectionable, in that each ground thereof is directed against some distinct allegation or statement in the petition, and not

6. DEMURRER.

against the entire pleading. In other words, the demurrer is not to the petition, but it is expressly directed in each instance " to so much of said petition as alleges " certain matters therein referred to. As the petition contains but a single count, it must, upon demurrer, be held good or bad as an entirety. If, when read as a whole, it contains enough to constitute a cause of action, a demurrer thereto must be overruled without regard to the redundant or immaterial matter which may be pleaded therein. In *Hayden v. Anderson,* 17 Iowa, 158, a demurrer identical in form with the one now under consideration was held not to challenge the sufficiency of the pleading to which it was directed, a ruling which has been reaffirmed in later cases. *Delaware Bank v. Duncombe,* 48 Iowa, 488; *C. I. & D. R. R. v. Railroad,* 67 Iowa, 324; *Shulte v. Hennessy,* 40 Iowa, 352; *In re McMurray's Estate,* 107 Iowa, 648. So, too, it is held that a demurrer to an entire pleading should not be sustained because, in addition to necessary and

proper averments, it alleges other matters which do not constitute a cause of action or ground of defense.  *Dist. Twp.*
*v. Dist. Twp.,* 44 Iowa, 512; *Bonney v. Bonney,* 29 Iowa,
448; *Holbert v. Railroad,* 38 Iowa, 315.

We have preferred, however, not to dispose of the appeal on this rule of pleading alone, because, in view of a
possible trial of the case upon its merits, it has seemed desirable to discuss some of the leading legal propositions argued by counsel.  Our conclusion that the petition states a
cause of action makes it necessary to remand the cause to the
trial court for further proceedings not inconsistent with the
views herein expressed.

The judgment appealed from is therefore *reversed.*